■ In the Matter of TRAVIS A. and Another, Children Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAISY B., Appellant. [772 NYS2d 393]—

Crew III, J.P. Appeals from three orders of the Family Court of St. Lawrence County (Rogers, J.), entered January 7, 2002, September 11, 2002 and September 24, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and terminated respondent's parental rights.

Respondent, who has been receiving services from petitioner and has been the subject of various Family Court proceedings since 1986, is, insofar as is relevant to this proceeding, the biological mother of Travis A. (born in 1990) and Earl A. (born in 1992). In May 2001, Family Court adjudicated Travis and Earl to be permanently neglected children and, as to disposition, imposed a suspended judgment set to expire in February 2002. Pursuant to the terms thereof, respondent was required to cooperate with the services provided by the Youth Advocacy Program (hereinafter YAP) and to complete and cooperate with petitioner's service plan.

In November 2001, petitioner commenced the instant proceeding alleging that respondent had violated the terms of the suspended judgment by failing to follow certain recommendations made by YAP and petitioner relative to Willie Martin, respondent's then boyfriend and now husband—namely, that respondent remove Martin, who had a history of violence and alcohol abuse, from her home until such time as he successfully completed an alcohol rehabilitation program. Following a hearing, Family Court determined that respondent indeed violated the terms of the suspended judgment and, ultimately, revoked the suspended judgment and terminated respondent's parental rights. These appeals ensued.

We affirm. A suspended judgment provides a parent, "previously found to have permanently neglected his or her child, with a brief grace period within which to become a fit parent with whom the child can be safely reunited" (*Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). During such time period, the parent must comply with the provisions of the suspended judgment (*see id.* at 712), and Family Court may revoke the suspended judgment and terminate parental rights if a preponderance of the evidence indicates a parent's noncompliance with the terms thereof or the parent's "failure to ameliorate the

specific problem that led to the children's removal" (*Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]).

Here, the caseworker assigned to this matter testified that following an incident in September 2001, wherein Martin became intoxicated and engaged in a bar brawl, petitioner and YAP representatives recommended to respondent that Martin move out of respondent's residence pending completion of alcohol counseling, at which time he would be permitted to return. Although respondent initially characterized this recommendation as only a "suggestion," she ultimately conceded that "the second time [they told me] it was put plain and clear to me that that's what they were asking for, was [for Martin] to be out of the home." Respondent also readily admitted that she did not compel Martin to move out and acknowledged that Martin's continued presence in the household was what precluded Travis and Earl from coming home for a planned visit in October 2001. Thus, respondent's own testimony reveals that she was aware of and yet failed to comply with the relevant terms of the suspended judgment—namely, removing a violent individual with an alcohol problem from her home. Additionally, the record reflects that respondent's poor choice of paramours was one of the factors that led to her children's removal in the first instance and, hence, her refusal to remove Martin from her home, as well as her subsequent decision to marry him, only confirmed her inability or unwillingness to address and ameliorate one of the problems standing in the way of her children's return. Under such circumstances, Family Court's decision to revoke the suspended judgment was amply supported by the evidence.

We are equally persuaded that Family Court exercised sound discretion in terminating respondent's parental rights. The record makes clear that respondent was provided with a myriad of appropriate services in a lengthy and ongoing attempt to assist her in becoming a responsible, protective and supportive parent. Despite petitioner's efforts, however, respondent, among other things, steadfastly refused to place her children ahead of her relationship with Martin. Having elected to place her personal life above seeking the return of her children, respondent cannot now be heard to complain. In short, we agree with Family Court that termination of respondent's parental rights was in the children's best interests. Respondent's remaining arguments, including her claim of ineffective assistance of counsel, have been examined and found to be lacking in merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.