■ In the Matter of LEALA T., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIBETH U., Appellant. [— NYS2d —]—

Cardona, P.J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered November 19, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and terminate respondent's parental rights.

In April 2007, Family Court adjudicated Leala T. (born in 2002) to be permanently neglected by respondent, her mother. The court issued a suspended judgment mandating certain conditions (*see* Family Ct Act § 631 [b]), and informed respondent that failure to comply with the conditions could result in a final order terminating her parental rights. In August 2007, petitioner applied to revoke the suspended judgment based upon alleged violations of the conditions and, following a dispositional hearing, Family Court revoked that judgment and terminated respondent's parental rights.

On this appeal, respondent contends that Family Court violated her due process rights by striking her direct testimony from the record after she failed to appear in court to submit to cross-examination. We do not agree. After testifying on her own behalf on the first day of the hearing, the court directed respondent to appear the next morning for further examination as well as cross-examination. Respondent initially replied that she had a pain management appointment scheduled for the morn-

ing; however, after the court instructed her to reschedule that appointment and appear in court at 9:00 A.M., she agreed to do so. Nonetheless, that evening she called her counsel and left a message stating that she would not be appearing in court the following morning because she was going to the appointment. When she failed to appear, the court denied her counsel's request for an adjournment and granted petitioner's request to strike her direct testimony.

When a party, through no fault of its own, "is deprived of the benefit of the cross-examination of a witness," a court may strike that witness's direct testimony in whole or in part (*Gallagher v Gallagher*, 92 App Div 138, 140 [1904]; *see People v Cole*, 43 NY 508, 512-513 [1871]). Under the circumstances herein, which include respondent's willful disregard of Family Court's explicit direction to appear for cross-examination, her history of missing appointments, and the credibility questions raised by her testimony, we are not persuaded that the court abused its discretion in striking her direct testimony (*see Diocese of Buffalo v McCarthy*, 91 AD2d 213, 220 [1983], *lv denied* 59 NY2d 605 [1983]; *compare Matter of Tequan R.*, 43 AD3d 673, 679 [2007]).

We are also unpersuaded by respondent's contention that, rather than revoke its suspended judgment, Family Court should have extended the time period pursuant to Family Ct Act § 633. "[A] parent's noncompliance with the terms of the suspended judgment, if established by a preponderance of the evidence, may result in revocation of the judgment and termination of parental rights" (*Matter of Frederick MM.*, 23 AD3d 951, 952 [2005] [citations omitted]; *see Matter of Edward GG.*, 35 AD3d 1144, 1144-1145 [2006]). This record establishes that, in violation of the suspended judgment, respondent failed to keep petitioner apprised of her current address, missed visitations with the child, tested positive for drugs on more than one occasion, violated an order of protection prohibiting respondent from possessing and testing positive for drugs, missed mental health appointments, and was discharged from the Family Treatment Court based upon poor attendance and positive drug tests. Given respondent's noncompliance, Family Court did not abuse its discretion by refusing to extend the suspended judgment or by revoking it (*see* Family Ct Act § 633 [f]).

Mercure, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.