■ In the Matter of Elias QQ. and Others, Abandoned Children. Chemung County Department of Social Services, Respondent; Stephanie QQ., Appellant. [897 NYS2d 762]—

Egan Jr., J. Appeal from an order of the Family Court of Chemung County (Brockway, J), entered June 9, 2009, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent's three children (born in 2001, 2003 and 2006) were removed from respondent's care and custody by petitioner on March 7, 2007, and the next day, a Family Ct Act article 10 neglect petition was filed. Respondent stipulated to a finding of neglect of her children in May 2007, was placed under petitioner's supervision, and consented to comply with certain terms and conditions, including, among others, that respondent complete substance abuse treatment, maintain a stable, safe and sanitary home, and obey all state and federal laws. Respondent's two older children were placed with their paternal grandmother, and the youngest child was placed in foster care.

In August 2007, respondent admitted to violating the terms of her supervision. She subsequently failed to appear for a dispositional hearing scheduled on September 26, 2007, and Family Court issued a warrant of arrest. Respondent was arrested on December 16, 2007 and, the next day, was served with a petition seeking to terminate respondent's parental rights based on abandonment. Respondent thereafter stipulated to the abandonment of her children with a one-year suspended judgment, subject to the same terms and conditions imposed in May

2007. In January 2009, petitioner moved to revoke the suspended judgment, alleging that respondent failed to complete the required substance abuse treatment, abused cocaine, failed to maintain stable housing, and failed to provide her caseworker with timely notice of an arrest. At the return date of petitioner's motion, respondent appeared and was given a hearing date and was also advised that, upon her failure to appear at the hearing, testimony would be taken and a decision would be made in her absence. Respondent failed to appear for the hearing without excuse. Upon Family Court's denial of a request by respondent's counsel for an adjournment, the hearing proceeded, resulting in the revocation of the suspended judgment and the termination of respondent's parental rights. Respondent appeals contending that Family Court erred in failing to adjourn the hearing, in finding that she violated the terms of her suspended judgment, and in terminating her parental rights.

Initially, we find that Family Court acted within its discretion in denying the request by respondent's counsel for an adjournment of the dispositional hearing. In simply not appearing at the scheduled hearing, respondent failed to demonstrate the required "good cause" for such an adjournment (Family Ct Act § 626 [a]; *see Matter of Shawna U.*, 277 AD2d 731, 734 [2000]; *Matter of Noele D.*, 209 AD2d 828, 829 [1994]). The court properly proceeded with the dispositional hearing notwithstanding respondent's unexplained absence (*see Matter of Shavira P.*, 283 AD2d 1027, 1027-1028 [2001], *lv denied* 97 NY2d 604 [2001]).

"A suspended judgment provides a parent, 'previously found to have permanently neglected his or her child, with a brief grace period within which to become a fit parent with whom the child can be safely reunited' " (*Matter of Travis A. [Daisy B.]*, 4 AD3d 632, 633 [2004], quoting *Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). "During such time period, the parent must comply with the provisions of the suspended judgment" (*Matter of Travis A. [Daisy B.]*, 4 AD3d at 633 [citation omitted]), and if a neglectful parent fails to comply, Family Court is permitted to terminate his or her parental rights as long as noncompliance has been demonstrated by a preponderance of the evidence (*see Matter of Frederick MM.*, 23 AD3d 951, 952 [2005]; *Matter of James E.*, 17 AD3d 871, 873-874 [2005]; *Matter of Lord-El T.*, 260 AD2d 955, 955-956 [1999]). Such findings will ordinarily not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]).

In the instant case, Family Court's determination that re-

spondent violated the provisions of the suspended judgment is supported by a preponderance of the evidence. The evidence established that respondent changed her residence during the period of suspension without notifying petitioner. In addition, respondent was discharged from two substance abuse treatment programs prior to completion. Petitioner's caseworker testified that respondent was referred to inpatient treatment on May 5, 2008 and was discharged on May 10, 2008 for noncompliance with program rules. Although respondent was referred to an outpatient program on May 14, 2008, she was subsequently discharged for nonattendance. Respondent was also arrested for a violation of probation in October 2008, failed to timely notify her caseworker of her arrest, and admitted to the use of cocaine. We finally note that, despite respondent's argument to the contrary, Family Court did not err in receiving hearsay evidence at the dispositional hearing, which provided ample support for Family Court's determination (*see Matter of Chelsea K.*, 15 AD3d 794, 795 [2005], *lv dismissed* 4 NY3d 869 [2005]; *Matter of Cassandra JJ.*, 284 AD2d 619, 621 [2001]).

We are also not persuaded that Family Court erred in terminating respondent's parental rights. The children have been in petitioner's care for over two years, respondent has made little effort to reunite with her children, and has further violated the terms and conditions of the suspended judgment. Accordingly, inasmuch as there is a sound and substantial basis in the record, we will not disturb Family Court's determination (*see Matter of Jayde M.*, 36 AD3d 1168, 1170 [2007], *lv denied* 8 NY3d 809 [2007]).

We have considered respondent's remaining contentions and find them unavailing.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.