■ In the Matter of CLIFTON ZZ. and Another, Permanently Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LATRICE ZZ., Appellant. [903 NYS2d 816]—

Peters, J.P. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered July 10, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of Clifton ZZ. (born in 1999) and Sone ZZ. (born in 2000),[1] both of whom were placed in petitioner's care in 2002. In November 2007, respondent admitted to permanently neglecting the children, in that she had been incarcerated on at least three occasions since the children were placed with petitioner. Family Court issued a six-month suspended judgment and informed respondent that her failure to comply with the conditions of that judgment could result in an order terminating her parental rights. Prior to its expiration, petitioner moved to extend the suspended judgment and, later, to revoke it and terminate respondent's parental rights, alleging that respondent had violated certain conditions of the judgment. After a trial, Family Court found that respondent had failed to comply with many of the mandated terms and conditions of the suspended judgment, granted petitioner's motion to revoke the suspended judgment and terminated respondent's parental rights.[2] Respondent now appeals, and we affirm.

The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her child with "a brief grace period within which to become a fit parent with whom the child can be safely reunited" (*Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166 [2010] [internal quotation marks and citations omitted]; *see Matter of Gracie*

1. Respondent also has a younger daughter who is not a subject of this proceeding.

2. Family Court dismissed as moot petitioner's motion to extend the suspended judgment.

*YY.*, 34 AD3d 1053, 1054 [2006]). During this grace period, the parent must comply with the terms of the suspended judgment (*see Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d at 1166) and, if a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the judgment and terminate that party's parental rights (*see Matter of Leala T.*, 55 AD3d 997, 998 [2008]; *Matter of Edward GG.*, 35 AD3d 1144, 1144-1145 [2006]). We defer to a court's findings on these matters so long as they have a sound and substantial basis in the record (*see Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d at 1166).

Family Court's determination that respondent violated the terms and conditions of the suspended judgment is supported by a preponderance of the evidence. The judgment required, among other things, that respondent maintain a safe and stable residence, meet with all service providers regularly as directed, attend all of the children's medical appointments, attend all visitation with the children, attend to the children's medical needs during visitation and notify petitioner immediately upon any change of address. During the final weeks of the original six-month period of suspension—which lasted from November 2007 until May 2008—respondent, whose sole source of income at that time was public assistance, experienced problems affording her apartment. As a result, she shortened a double overnight visit with the children because she believed that she would have to move and cancelled the following two overnight visits to shop, unpack and gather money for rent. She also failed to attend a mental health appointment for Clifton, who is autistic, was late to three mandatory meetings, failed to attend one meeting and, during an overnight visit, failed to give the children their prescribed medications.

We reject respondent's argument that Family Court should have extended the suspended judgment for an additional period because she substantially complied with its conditions during the initial term. The initial period of suspension was tolled by petitioner's motion to extend the period of suspension (*see* Family Ct Act § 633 [e]). Even given this additional time to establish her fitness as a parent, respondent increasingly failed to comply with the suspended judgment. Respondent moved five times— once as a result of an eviction—between July 2008 and the time of the trial and notified petitioner of her change of residence only once. Respondent also permitted the father of her youngest child to move back in with her despite a prior incident of domestic violence between them. In addition, during the extended period of the suspended judgment, respondent cancelled numer-

ous visits with her children, missed at least 10 of the children's medical and therapy appointments and missed a number of scheduled appointments with her service providers. Although respondent provided excuses for her failure to comply, including that the conditions were too onerous and that petitioner thwarted her efforts to comply, respondent did not request a modification of the terms and conditions of the suspended judgment. Moreover, many of respondent's violations were wholly unjustified and demonstrate her inability to put her children's needs before her own. Thus, we find a sound and substantial basis for Family Court's finding that respondent violated the terms and conditions of the suspended judgment (*see Matter of Leala T.*, 55 AD3d at 998; *Matter of Gracie YY.*, 34 AD3d at 1055-1056).

We also find sufficient support in the record for Family Court's conclusion that it was in the best interests of the children to terminate respondent's parental rights. The children have been in foster care for most of their young lives and are residing in preadoptive homes. Respondent's failure to comply with the terms and conditions of the suspended judgment does not compel the termination of her parental rights, but is strong evidence that termination is, in fact, in the best interests of the children (*see Matter of Amber AA.*, 301 AD2d 694, 697 [2003]). Although by the last day of trial respondent had obtained employment and was making efforts to secure permanent housing, given her inability to comply with the terms and conditions of the suspended judgment, even after the six-month grace period was extended and despite laudable efforts by petitioner, it was unlikely that she would be able to show that she was a fit parent who could meet the children's needs and provide them with a stable home if given an additional grace period. Under these circumstances, we decline to disturb Family Court's determination that termination of respondent's parental rights was in the best interests of the children (*see Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d at 1167; *Matter of Jayde M.*, 36 AD3d 1168, 1170 [2007], *lvs denied* 8 NY3d 809 [2007]; *compare Matter of Audrey I.*, 57 AD3d 1172, 1175 [2008], *lv denied* 12 NY3d 704 [2009]).[3]

We have considered respondent's remaining contentions and find them to be without merit.

---

**3.** We also reject respondent's contention that Family Court erred by failing to conduct further fact-finding to determine whether extending the suspended judgment—rather than terminating her parental rights—would be in the best interests of the children (*see Matter of Darren V.*, 61 AD3d 986, 988 [2009], *lvs denied* 12 NY3d 715 [2009]).

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

