In the Matter of RONNIE P., a Permanently Neglected Child. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE Q., Appellant. (Proceeding No. 1.) In the Matter of AUBREY P., a Permanently Neglected Child. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE Q., Appellant. (Proceeding No. 2.) [924 NYS2d 638]—

Malone Jr., J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered July 9, 2010, which, among other things, in two proceedings pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.

In October 2009, respondent's two children (born in 1998 and 2000) were adjudicated to be permanently neglected.* Family Court subsequently entered a suspended judgment requiring respondent to, among other things, cooperate with petitioner's caseworker, continue mental health counseling and follow the treatment recommendations, and it ordered her not to have any contact "of any kind" with her former boyfriend, who had abused her children. In January 2010, alleging that respondent had violated its terms, petitioner sought to revoke the suspended judgment and terminate respondent's parental rights. Following a hearing, Family Court granted petitioner's motion and respondent appeals.

In a permanent neglect proceeding, when a parent's noncom-

---

* This Court affirmed that order upon appeal (*Matter of Ronnie P. [Danielle Q.],* 77 AD3d 1094 [2010]).

pliance with the terms of a suspended judgment has been established by a preponderance of the evidence at a hearing, Family Court is authorized to revoke the judgment and terminate the parental rights (*see* Family Ct Act § 633 [e], [f]; *Matter of Clifton ZZ. [Latrice ZZ.],* 75 AD3d 683, 684 [2010]; *Matter of Jennifer T.,* 224 AD2d 843, 843-844 [1996]). We will not disturb the court's findings as to these matters unless they lack a sound and substantial basis in the record (*see Matter of Clifton ZZ. [Latrice ZZ.],* 75 AD3d at 684).

Here, the evidence established that respondent violated the terms of the suspended judgment. Significantly, the children's foster father testified that he saw respondent with her former boyfriend on December 24, 2009. Although the mother denied this and offered the testimony of a witness who claimed that he, not the former boyfriend, was with her, we accord deference to Family Court's credibility assessments (*see Matter of Gracie YY.,* 34 AD3d 1053, 1056 [2006]; *Matter of Kaleb U.,* 280 AD2d 710, 712 [2001]), particularly in light of the fact that respondent admitted at the hearing that she has, at times, lied about her relationship with her former boyfriend. The record also establishes that respondent refused to fully cooperate and communicate with her caseworker, inconsistently attended counseling sessions and has made limited progress in achieving her treatment goals. This indicates that respondent has not made progress " 'to overcome the specific problems which led to the removal of the child[ren]' " (*Matter of James E.,* 17 AD3d 871, 874 [2005], quoting *Matter of Jennifer VV.,* 241 AD2d 622, 623 [1997]; *see Matter of Thomas JJ.,* 20 AD3d 708, 711 [2005]).

Finally, while respondent's "failure to comply with the terms and conditions of the suspended judgment does not compel the termination of her parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the children" (*Matter of Clifton ZZ. [Latrice ZZ.],* 75 AD3d at 685). Additionally, the children have been in petitioner's custody for more than three years and are currently in a preadoptive foster home, where they are making progress toward resolving their emotional and behavioral difficulties. The children's therapist testified that, after respondent's sole therapeutic visit with the children, they both exhibited a high level of stress and anxiety and their behavior had regressed. Under these circumstances, we find no basis upon which to disturb Family Court's determination that termination of respondent's parental rights was in the children's best interests (*see Matter of Elias QQ. [Stephanie QQ.],* 72 AD3d 1165, 1167 [2010]).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.