■ In the Matter of ALEXANDRIA A., a Child Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANN B., Appellant. [941 NYS2d 749]—

Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered March 31, 2011, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of Alexandria A. (born in 2006), who has been in foster care since February 2008. The child was adjudicated as permanently neglected in a May 2010 order that was based on an April 2010 stipulation in which respondent

agreed to such a determination and consented to a one-year suspended judgment subject to numerous terms and conditions. In August 2010, petitioner moved via order to show cause for a determination that respondent had violated various terms of the order of suspended judgment and sought termination of her parental rights. Following a hearing, Family Court found that respondent had violated the terms of the order of suspended judgment and terminated her parental rights. Respondent appeals.

We affirm. "A suspended judgment provides a parent, previously found to have permanently neglected his or her child, with a brief grace period within which to become a fit parent with whom the child can be safely reunited" (*Matter of Travis A.*, 4 AD3d 632, 633 [2004], *lv denied* 2 NY3d 706 [2004] [internal quotation marks and citation omitted]). "During this grace period, the parent must comply with the terms of the suspended judgment and, if a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the judgment and terminate that party's parental rights" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 684 [2010] [internal citation omitted]). "In view of Family Court's direct observation of and access to the parties and the professionals who testified, its factual findings will be accorded great deference and will not be disturbed on appeal unless lacking a sound and substantial basis in the record" (*Matter of Kaleb U.*, 280 AD2d 710, 712 [2001] [internal quotation marks and citations omitted]).

Petitioner produced evidence of several significant violations by respondent of the terms of the order of suspended judgment including not attending appointments with her caseworker, missing visitation with the child, being discharged from treatment by her mental health counselor because she repeatedly failed to attend scheduled sessions, and continuing to misuse prescription medicine. Respondent testified and offered excuses for some of her alleged failures. This testimony created credibility issues, which Family Court resolved against respondent. We discern no reason to reject those credibility determinations. There is a sound and substantial basis in the record supporting Family Court's finding that respondent repeatedly violated terms and conditions of the order of suspended judgment.

Respondent contends that she was not afforded enough time to comply with the terms of the one-year suspended judgment since petitioner's order to show cause was filed about three to four months after the stipulation and order. We are unpersuaded. Where, as here, there is proof that a parent has repeatedly

violated significant terms of a suspended judgment, petitioner is not obligated to wait until the end of the period of suspended judgment to seek to revoke the suspended judgment (*see e.g. Matter of Ronnie P. [Danielle Q.],* 85 AD3d 1246, 1246 [2011] [three months]; *Matter of Krystal B. [Thomas B.],* 77 AD3d 1110, 1110 [2010] [four months]; *Matter of Jessica J.,* 44 AD3d 1132, 1132-1133 [2007] [four months]; *Matter of Jonathan P.,* 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001] [six weeks]; *see also* Family Ct Act § 633 [d] [indicating that a motion or order to show cause can be filed prior to the expiration of the period of the suspended judgment]).

Finally, respondent asserts that her parental rights should not have been terminated. Although there was evidence that respondent and the child had a good relationship when together, respondent nevertheless failed to address in any meaningful manner the issues that resulted in removal of the child and the finding of permanent neglect despite ample opportunity to do so. The child has been in foster care the majority of her life and the permanency report in the record indicates that she is currently in foster care with her paternal grandmother, who is willing to adopt her. The attorney for the child advocated for freeing the child for adoption. Family Court's finding that it is in the best interests of the child to terminate respondent's parental rights and free the child for adoption at this time is supported by the record (*see e.g. Matter of Clifton ZZ. [Latrice ZZ.],* 75 AD3d at 685; *Matter of Leala T.,* 55 AD3d 997, 998 [2008]).

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.