■ In the Matter of MARQUISE JJ., a Permanently Neglected Child. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRITHANY JJ., Appellant. (And Another Related Proceeding.) [960 NYS2d 237]—

McCarthy, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered October 28, 2011,

which, among other things, granted petitioner's application, in two proceedings pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

In 2008, Family Court found that respondent neglected her child (born in 2004) by failing to provide proper supervision and guardianship. In 2010, petitioner commenced a proceeding alleging that the child was permanently neglected. In January 2011, Family Court adjudged the child to be permanently neglected, but suspended judgment for one year. A few months later, petitioner filed a petition alleging that respondent violated the terms of the suspended judgment, and then filed another petition seeking immediate suspension of visitation. Following a hearing, the court found that respondent violated the terms of the suspended judgment and terminated her parental rights.[1] Respondent appeals.

Family Court's determination that respondent violated the terms of the suspended judgment is supported by a sound and substantial basis in the record. The court may revoke a suspended judgment and terminate parental rights if the petitioner establishes the parent's noncompliance by a preponderance of the evidence (*see Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 684 [2010]; *Matter of Leala T.*, 55 AD3d 997, 998 [2008]). Petitioner presented evidence establishing that respondent violated numerous conditions of the suspended judgment. Testimony from petitioner's caseworker and respondent's probation officer, as well as respondent's medical records,[2] demonstrated that she violated the conditions requiring her to cooperate with caseworkers, sign releases for information, abide by the terms of her probation, inform her caseworker and probation officer if she left the area, take psychotropic medications as prescribed, accept techniques of effective discipline offered by a parent educator, avoid yelling at the child on the telephone, lead a law-abiding life and avoid the use of street drugs. The medical records state that respondent tested positive for cocaine (although that initial test was not confirmed), and tests for levels of her prescribed medication indicated that she had not been taking the prescribed dosage. Although respondent's counsel cross-examined the witnesses and raised questions about some of their testimony or conclusions, we defer to Family Court's

**1.** This Court previously affirmed an order terminating the father's parental rights to this child (*Matter of Marquise JJ. [Jamie KK.]*, 91 AD3d 1137 [2012], *lv denied* 19 NY3d 801 [2012]).

**2.** Although respondent now contends that the medical records were hearsay, she did not object to their admission at the hearing.

credibility determinations and will not disturb its findings as they are supported by a sound and substantial basis in the record (*see Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 684-685).

Family Court's determination to terminate respondent's parental rights is also supported by a sound and substantial basis in the record. While a parent's failure to comply with the conditions of a suspended judgment does not automatically compel termination of parental rights, that noncompliance constitutes "strong evidence that termination is, in fact, in the best interests of the child[ ]" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 685; *see Matter of Ronnie P. [Danielle Q.]*, 85 AD3d 1246, 1247 [2011]). Here, despite petitioner's provision of numerous appropriate services, respondent was unable to comply with the conditions or behave as an appropriate parent would. She suffered psychotic breaks due to her failure to comply with her medication regimen, was hostile and belligerent during visits and exhibited poor parenting techniques that caused the child to feel frightened and unsafe. In contrast, the child was making significant progress in foster care, and the foster parents intend to adopt him. We decline to disturb Family Court's determination that termination of respondent's parental rights is in the child's best interests, as that determination is supported by a sound and substantial basis in the record (*see Matter of Ronnie P. [Danielle Q.]*, 85 AD3d at 1247; *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 685; *Matter of Travis A. [Daisy B.]*, 4 AD3d 632, 634 [2004], *lv denied* 2 NY3d 706 [2004]).

Mercure, J.P., Spain and Stein, JJ., concur. Ordered that the order is affirmed, without costs.