■ In the Matter of Abbigail EE. and Others, Permanently Neglected Children. Otsego County Department of Social Services, Respondent; Elizabeth EE., Appellant. [965 NYS2d 213]—

Egan Jr., J. Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered January 5, 2012, which, in a proceeding pursuant to Social Services Law § 384-b, revoked a suspended judgment and terminated respondent's parental rights.

Respondent is the mother of five children. In October 2007, respondent's three minor daughters (born in 2002, 2004 and 2007), together with her son (born in 1993), were removed from her care and placed with a family member until February 2008, at which time all four children entered foster care. The children were adjudicated to be neglected in or about September 2008 and, in the interim, respondent entered Family Treatment Court and petitioner provided services to address, among other things, respondent's ongoing substance abuse issues.

In September 2009, petitioner commenced this permanent neglect proceeding with respect to the three girls and, further, filed a violation petition alleging that respondent had been discharged from a halfway house for failing to comply with treatment following an altercation with another resident and a sui-

---

cide threat.[1] One month later, Family Court conducted a permanency planning hearing, during the course of which it was revealed that respondent had incurred a "loss of clean time" on three occasions while in Family Treatment Court and that her most recent use of chemicals occurred in September 2009. Thereafter, in February 2010, respondent entered an admission encompassing the permanent neglect petition, as well as all pending violation and/or modification petitions, and, by order entered April 19, 2010, Family Court adjudicated the children to be permanently neglected and imposed a suspended judgment. At a permanency hearing held in August 2010, the suspended judgment was extended—upon the consent of the parties—for an additional six months.

Combined permanency and dispositional hearings thereafter continued and, in January 2011, petitioner filed a violation petition alleging that respondent had failed to provide a urine screen and was not taking her prescribed medications.[2] Additional hearings were conducted in June 2011 and September 2011, at which testimony was adduced regarding, among other things, respondent's two positive tests for THC and one positive test for opiates, the latter of which formed the basis for a third violation petition. Ultimately, by order entered January 5, 2012, Family Court revoked the suspended judgment and terminated respondent's parental rights. This appeal by respondent ensued.

We affirm. Initially, to the extent that respondent and the attorney for the children challenge the sufficiency of respondent's admission or the adequacy of petitioner's efforts to strengthen and encourage the parent-child relationship, the record before us does not reflect that respondent either appealed Family Court's April 2010 order adjudicating her children to be permanently neglected (*compare Matter of Jonathan NN. [Michelle OO.]*, 90 AD3d 1161, 1162 [2011], *lv denied* 18 NY3d 808 [2012]; *see generally Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1001-1002 [2011], *lv denied* 16 NY3d 711 [2011] [finding of neglect based upon the evidence and the parent's admissions is not a finding entered on consent and, thus, is appealable]) or moved to vacate her admission in this regard (*see* CPLR 5015). Accordingly, these issues are not preserved for our review (*see Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d 869, 869-870 [2013]; *Matter of Aidan D.*, 58 AD3d 906, 908

---

1. Respondent's son, then 15 years old, apparently indicated that he did not wish to be adopted and was not included in the permanent neglect petition.

2. Respondent subsequently entered an admission acknowledging her failure to take the prescribed medications.

[2009]). In any event, "where, as here, a parent admits to permanent neglect, there is no need for the agency to put forth evidence establishing—nor is it necessary for the court to determine—that the agency had exercised diligent efforts to strengthen the parental relationship" (*Matter of Aidan D.*, 58 AD3d at 908; *see Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d at 870), and we have no quarrel with the sufficiency of respondent's admission.

As for respondent's assertion that she should have been granted an additional reprieve, we discern no basis upon which to disturb Family Court's decision to revoke the suspended judgment and terminate respondent's parental rights. "A suspended judgment provides a parent, previously found to have permanently neglected his or her child[ren], with a brief grace period within which to become a fit parent with whom the child[ren] can be safely reunited" (*Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166 [2010] [internal quotation marks and citations omitted]; *accord Matter of Alexandria A. [Ann B.]*, 93 AD3d 1105, 1106 [2012], *lv denied* 19 NY3d 805 [2012]). "During [such] grace period, the parent must comply with the terms of the suspended judgment and, if a preponderance of the evidence establishes the parent's noncompliance [therewith], Family Court may revoke the judgment and terminate that party's parental rights" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 684 [2010] [citations omitted]; *see Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d at 1166).

As the record before us establishes that respondent, among other things, failed to take her prescribed medications and tested positive for drugs during the period of time that the suspended judgment was in effect, we cannot say that Family Court erred in concluding that respondent had violated the terms thereof. With respect to Family Court's decision to terminate respondent's parental rights, we note that the children have been in foster care since February 2008 and, despite numerous opportunities, respondent has failed to overcome her substance abuse issues (*see Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766, 1766-1767 [2009], *lv denied* 14 NY3d 707 [2010]). Under these circumstances, we agree that termination of respondent's parental rights was in the children's best interests (*see Matter of Alexandria A. [Ann B.]*, 93 AD3d at 1107; *Matter of Chorus SS. [Elatisha SS.]*, 93 AD3d 1097, 1099-1100 [2012], *lv denied* 19 NY3d 807 [2012]).

Rose, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.