Lahtinen, J.
Appeals from an order of the Family Court of Madison County (McDermott, J.), entered June 25, 2012, which granted petitioner’s applications, in two proceedings pursuant to Social Services Law § 384-b, to revoke two suspended judgments, and terminated respondents’ parental rights.
Respondent Amanda WW. (hereinafter the mother) and respondent Clarence WW. (hereinafter the father) are the parents *1409 of Cole WW (born in 2005) and Ashton WW. (born in 2008). Cole, who has been in foster care since May 2007, was adjudicated a neglected child in January 2008. Ashton was found to be neglected in February 2009 and placed by petitioner in foster care. A permanent neglect petition regarding Cole resulted in a stipulated one-year suspended judgment in October 2009. Petitions alleging violations thereof led to a further stipulated suspended judgment running through October 2011, which coincided with a stipulated suspended judgment on a permanent neglect petition as to Ashton. Alleging numerous violations of the terms of the suspended judgments, petitioner commenced these proceedings. Following a hearing, Family Court revoked the suspended judgment as to each child and terminated respondents’ parental rights. Respondents appeal.
“The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her children] with a brief grace period within which to become a fit parent with whom the child[ren] can be safely reunited” (Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 683 [2010] [internal quotation marks and citations omitted]; see Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012], lv denied 19 NY3d 805 [2012]). “During such time period, the parent must comply with the provisions of the suspended judgment, and Family Court may revoke the suspended judgment and terminate parental rights if a preponderance of the evidence indicates a parent’s noncompliance with the terms thereof or the parent’s failure to ameliorate the specific problem that led to the children’s removal” (Matter of Travis A. [Daisy B.], 4 AD3d 632, 633-634 [2004], lv denied 2 NY3d 706 [2004] [internal quotation marks and citations omitted]; see Matter of Alyssa C. [Steven C.], 93 AD3d 1111, 1112 [2012]).
Despite generous time periods and extensions in which to show compliance, both respondents repeatedly violated various terms of the suspended judgments. For example, the father was given four opportunities to complete domestic violence counseling and failed to do so. He did not establish a separate residence from the mother within the time set forth in the suspended judgments. Later, and in violation of a condition of the suspended judgments, respondents resumed residing together without approval. The mother failed to complete mental health counseling. During two attempts to have the children reside with her on a short-term basis, the mother was unable to care for the children. Visits by caseworkers during such short-term arrangements revealed a variety of unsafe situations for the children. The mother cut both visits short and returned the *1410 children to foster care. Although respondents offered various explanations for their conduct, “we defer to Family Court’s credibility determinations and will not disturb its findings as they are supported by a sound and substantial basis in the record” (Matter of Marquise JJ. [Brithany JJ.], 103 AD3d 937, 938-939 [2013]).
“[W]hile respondents’] failure to comply with the terms and conditions of the suspended judgments] does not compel the termination of [their] parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the children” (Matter of Ronnie P. [Danielle Q.], 85 AD3d 1246, 1247 [2011] [internal quotation marks omitted]). The children have been in foster care since a very young age. Respondents repeatedly failed to respond to efforts to assist them in addressing their problems, which had resulted in findings of permanent neglect and the suspended judgments. The record supports Family Court’s observation that, instead of improving, the situation had grown worse. Respondents’ evidentiary challenges to the proceedings are unpersuasive. There is a sound and substantial basis in the record supporting Family Court’s determination that termination is in the best interests of the children (see Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1166 [2010]). The remaining arguments have been considered and are unavailing.
Peters, EJ., Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.