■ In the Matter of MADELYN D. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIRELL D., Appellant, et al., Respondent. [976 NYS2d 740]—

Rose, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 21, 2012, which, in a proceeding pursuant to Social Services Law § 384-b, among other things, granted petitioner's motion to revoke a suspended judgment, and terminated the parental rights of respondent Direll D.

Respondent Direll D. (hereinafter respondent) and respondent Madelyn YY. are the married parents of seven children, five of whom, Nasira D., Isidra D., Direll D., Madelyn D. and Corvious D. (born in 2003, 2004, 2005, 2006 and 2007, respectively) (hereinafter collectively referred to as the children), are the subjects of this proceeding. In 2008, the children were removed from respondents' custody and Family Court deter-

---

mined that they were neglected based on respondents' commission of mutual acts of domestic violence in their presence. Thereafter, in December 2011, Family Court adjudicated them to be permanently neglected and issued a suspended judgment for one year. In March 2012, petitioner moved to revoke the suspended judgment and terminate respondents' parental rights based upon allegations that they violated conditions of the judgment. Following a hearing, Family Court determined that respondent had violated certain conditions imposed on him and concluded that termination of his parental rights was in the children's best interests.* Respondent now appeals.

Respondent does not contest Family Court's determination that he violated various terms of the suspended judgment. Instead, he claims that the evidence does not support a finding that termination of his parental rights was in the best interests of the children. We disagree. The purpose of the suspended judgment is "to provide a parent who has been found to have permanently neglected his or her child with 'a brief grace period within which to become a fit parent with whom the child can be safely reunited' " (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 683 [2010], quoting *Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166 [2010]). While not determinative, the failure to comply with the terms of a suspended judgment is considered " 'strong evidence that termination is, in fact, in the best interests of the children' " (*Matter of Cole WW. [Amanda WW.]*, 106 AD3d 1408, 1410 [2013], *lv denied* 21 NY3d 865 [2013], quoting *Matter of Ronnie P. [Danielle Q.]*, 85 AD3d 1246, 1247 [2011]).

Here, as part of the suspended judgment, a no-contact order of protection was issued and respondent was required to undergo substance abuse screening and maintain stable housing and employment. Respondent violated the order of protection, he failed to complete a substance abuse evaluation and he did not contest petitioner's evidence that he had no identifiable source of income or stable residence. In considering whether termination was in the children's best interests, Family Court appropriately considered their lengthy placement in foster care, as well as respondent's apparent unwillingness to address the issues that resulted in their placement in any meaningful manner and take appropriate steps to have them returned to his custody (*see Matter of Cole WW. [Amanda WW.]*, 106 AD3d at 1410; *Matter of Alexandria A. [Ann B.]*, 93 AD3d 1105, 1107 [2012], *lv denied* 19 NY3d 805 [2012]). Under all of the circumstances here, we find Family Court's determination that

---

* Madelyn YY. executed a judicial surrender of the children.

termination of respondent's parental rights was in the best interests of the children to be supported by a sound and substantial basis in the record and we decline to disturb it (*see Matter of Alexandria A. [Ann B.]*, 93 AD3d at 1107; *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 685; *Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d at 1167).

Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.