█ In the Matter of JASON H., a Permanently Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA K., Appellant. [987 NYS2d 476]—

Peters, P.J. Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered December 10, 2012, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent's son was removed from her custody and placed in foster care when he was just shy of two months old based upon allegations of drug use, domestic violence and criminal activity in the home. In May 2011, respondent stipulated that she had permanently neglected her son and consented to a one-year suspended judgment subject to numerous terms and condi-

tions.* In October 2011, petitioner moved to revoke the suspended judgment and terminate respondent's parental rights, alleging that respondent had violated certain conditions of the judgment. Following a hearing, Family Court agreed, revoked the suspended judgment and terminated respondent's parental rights. Respondent appeals.

We affirm. Initially, to the extent that respondent argues that petitioner failed to prove that it made diligent efforts to strengthen and encourage the parent-child relationship, inasmuch as she did not appeal Family Court's May 2011 order adjudicating the child to be permanently neglected, the issue is not properly before us (*see Matter of Abbigail EE. [Elizabeth EE.]*, 106 AD3d 1205, 1206-1207 [2013]). In any event, respondent's admission that she permanently neglected the child dispensed with the need for petitioner to present such evidence (*see id.*; *Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d 869, 869-870 [2013]; *Matter of Aidan D.*, 58 AD3d 906, 908 [2009]).

"The purpose of a suspended judgment is to allow a parent who has permanently neglected his or her child a brief grace period to complete the goals necessary for reunification to occur" (*Matter of Alyssa C. [Steven C.]*, 93 AD3d 1111, 1112 [2012] [citations omitted]; *see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Madelyn D. [Direll D.]*, 112 AD3d 1165, 1166 [2013]). A parent "must comply with the terms of the suspended judgment and, if a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the judgment and terminate that party's parental rights" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 684 [2010]; *accord Matter of Cole WW. [Amanda WW.]*, 106 AD3d 1408, 1409 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Abbigail EE. [Elizabeth EE.]*, 106 AD3d at 1207).

Here, respondent failed to comply with the terms of the suspended judgment in numerous respects. She missed mental health appointments, was unsuccessfully discharged from a substance abuse treatment program and failed to submit to random drug screening. Moreover, respondent admitted to using illegal drugs and abusing prescription medication during the time period that the suspended judgment was in effect. Despite her contentions to the contrary, respondent's several violations were not the result of attempts by petitioner to thwart her efforts to comply, but rather the product of her own inability to successfully complete mandated treatment and refrain from illegal drug use (*see Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at

---

* Petitioner also commenced a proceeding against the child's father, who subsequently surrendered his parental rights.

685). Such evidence, in addition to demonstrating her noncompliance, also indicates that respondent has not made progress "to overcome the specific problems which led to the removal of the child" (*Matter of Jonathan J.*, 47 AD3d 992, 993 [2008], *lv denied* 10 NY3d 706 [2008] [internal quotation marks and citation omitted]; *see Matter of Ronnie P. [Danielle Q.]*, 85 AD3d 1246, 1247 [2011]; *Matter of Frederick MM.*, 23 AD3d 951, 953 [2005]). Accordingly, Family Court's determination that respondent violated the provisions of the suspended judgment is supported by a preponderance of the evidence (*see Matter of Cole WW. [Amanda WW.]*, 106 AD3d at 1410; *Matter of Abbigail EE. [Elizabeth EE.]*, 106 AD3d at 1207).

"While a parent's failure to comply with the conditions of a suspended judgment does not automatically compel termination of parental rights, that noncompliance constitutes 'strong evidence that termination is, in fact, in the best interests of the child[ ]' " (*Matter of Marquise JJ. [Brithany JJ.]*, 103 AD3d 937, 939 [2013], *lv denied* 21 NY3d 859 [2013], quoting *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 685; *accord Matter of Madelyn D. [Direll D.]*, 112 AD3d at 1166). Respondent has failed to adequately respond to the numerous efforts made to assist her in overcoming her substance abuse issues, and a psychological assessment concluded that she lacks the judgment and consistency required to care for the child, particularly given his special needs. Further, the child has been in foster care for all but the first two months of his life and has formed a strong bond with his current foster parents, who have provided a stable home for him and demonstrated an ability to meet his needs. Under these circumstances, we decline to disturb Family Court's determination that no exceptional circumstances exist warranting an extension of the suspended judgment and that termination of respondent's parental rights was in the best interests of the child (*see Matter of Cole WW. [Amanda WW.]*, 106 AD3d at 1409; *Matter of Abbigail EE. [Elizabeth EE.]*, 106 AD3d at 1207; *Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166-1167 [2010]; *Matter of Jonathan J.*, 47 AD3d at 993).

Stein, Garry, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, without costs.