█ In the Matter of JAYDEN T. and Others, Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY T., Appellant, et al., Respondent. [987 NYS2d 645]——

Garry, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 27, 2013 which, in a proceeding pursuant to Social Services Law § 384-b, among other things, granted petitioner's motion to revoke a suspended judgment, and terminated the parental rights of respondent Amy T.

Respondent Amy T. (hereinafter respondent) is the mother of five children (born in 2000, 2001, 2002, 2005 and 2007) who were temporarily removed from her custody and placed with petitioner in June 2007. Respondent was adjudicated to have neglected the children in November 2007, and was directed to obtain certain services, including anger management and parenting classes. In 2011, this permanent neglect proceeding was commenced and, following respondent's admission that she had delayed in obtaining and completing the court-ordered services, Family Court (Pines, J.) adjudicated the children to be permanently neglected. The court issued a six-month suspended judgment with conditions that again included the completion of parenting and anger management classes. Petitioner thereafter moved for an order revoking the suspended judgment on the ground that respondent had not complied with the conditions. Family Court (Connerton, J.) conducted a two-day hearing; respondent appeared for the first day, but, upon her failure to appear for the second day, the court denied her counsel's request for an adjournment, completed the hearing and closed the proof. Subsequently, the court denied respondent's motion to reopen the proof, and revoked the suspended judgment. Following a dispositional hearing at which respondent appeared and testified, the court terminated her parental rights and freed the children for adoption. Respondent appeals.

Initially, respondent contends that Family Court improperly

denied her counsel's request to adjourn the revocation hearing. Such a request may be granted in the trial court's discretion "for good cause shown" (Family Ct Act § 626 [a]; *see Matter of Elias QQ. [Stephanie QQ.]*, 72 AD3d 1165, 1166 [2010]). Here, at a permanency hearing on September 27, 2012, the participants, including respondent's counsel, were given written notice that the revocation hearing—scheduled to begin on October 3, 2012—would continue one week later, on October 10. Respondent was not present at this permanency hearing, but written notice of the further hearing date was mailed to her home. During the course of the hearing on October 3, and in respondent's presence, Family Court announced that the hearing would continue on October 10 and, if necessary, on the day after. On October 10, all participants except respondent appeared; the court allowed respondent's counsel to attempt to reach her by telephone and reordered the proof to permit him to enter certain records into evidence before declining his request for an adjournment. In her subsequent motion to reopen the proof, respondent claimed that she missed both the permanency hearing and the second hearing date because she had not received the mailed notices. Upon this record, we find no abuse of discretion in denial of the requested adjournment, as it arose from respondent's failure to exercise due diligence (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]).

Next, although termination of respondent's parental rights was not required as a consequence of her failure to comply with the conditions of the suspended judgment, such a failure "is strong evidence that termination is, in fact, in the best interests of the children" (*Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 685 [2010]). Here, the record reveals multiple failures of compliance. Although respondent did complete a parenting program, she was consistently late to class and scored lower on a test of parenting skills given after completing the program than she had on the same test before the class began. She likewise eventually completed an anger management class—a requirement that had first been imposed in 2007—but failed without explanation to attend an initial evaluation and did not enroll until after the application to revoke the suspended judgment had been filed. She further failed to comply with conditions requiring her to keep petitioner informed of changes in her address, sign releases and attend the children's medical appointments, and she did not consistently attend parent-teacher conferences, meetings with other service providers, or visits with the children. Under these circumstances, Family Court did not abuse its discretion by revoking the suspended judgment

and addressing the children's best interests (*see Matter of Leala T.*, 55 AD3d 997, 998 [2008]).

The three older children have been in petitioner's care since June 2007. For most of that time, they have resided with the maternal grandparents approximately three hours away, where all three children testified that they have many friends, do well in school, and strongly prefer to remain. The grandparents have regularly transported the children to Broome County for visits, but respondent has never visited them at their home, and maintains only sporadic telephone contact with them. The younger two children reside with foster parents who wish to adopt them and are actively engaged in addressing the significant special needs of one of the children, who is diagnosed with fetal alcohol syndrome. In December 2012, respondent gave birth to a sixth child, having concealed the pregnancy from the children and petitioner because, as she testified, she was concerned about petitioner's reaction; the children learned about her pregnancy only indirectly following the birth, when respondent announced it in a social media post. In view of all of the foregoing, Family Court's finding that it is in the children's best interests to terminate respondent's parental rights and free them for adoption is fully supported by a sound and substantial basis in the record (*see Matter of Cole WW. [Amanda WW.]*, 106 AD3d 1408, 1410 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Alexandria A. [Ann B.]*, 93 AD3d 1105, 1107 [2012], *lv denied* 19 NY3d 805 [2012]; *Matter of Ronnie P. [Danielle Q.]*, 85 AD3d 1246, 1247 [2011]).

Lahtinen, J.P., Stein and Rose, JJ., concur. Ordered that the order is affirmed, without costs.