*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                516821
_____

In the Matter of CODY D.,
    Alleged to be a Permanently
    Neglected Child.

ST. LAWRENCE COUNTY DEPARTMENT
    OF SOCIAL SERVICES,
                    Respondent;          MEMORANDUM AND ORDER

BRITTIANY F.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        David D. Willer, St. Lawrence County Department of Social
Services, Canton, for respondent.

        Thomas B. Wheeler, Potsdam, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of St. Lawrence
County (Morris, J.), entered February 4, 2013, which granted
petitioner's applications, in two proceedings pursuant to Social
Services Law § 384-b, to revoke a suspended judgment, and
terminated respondent's parental rights.

        Respondent is the mother of a child born in 1999.  In
December 2010, and with respondent's consent, Family Court

adjudged the child to be permanently neglected and issued a one-year suspended judgment. When respondent failed to satisfy certain conditions of the judgment, petitioner commenced the instant proceedings to revoke the suspended judgment and terminate respondent's parental rights. Following fact-finding and dispositional hearings, Family Court revoked the suspended judgment and terminated respondent's parental rights. Respondent now appeals.

We affirm. It is well settled that a suspended judgment gives a parent who is found to have permanently neglected his or her child "a brief grace period within which to become a fit parent with whom the child can be safely reunited" (Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012], lv denied 19 NY3d 805 [2012] [internal quotation marks and citation omitted]; see Matter of Cole WW. [Amanda WW.], 106 AD3d 1408, 1409 [2013], lvs denied 21 NY3d 864, 865 [2013]; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 683 [2010]). Where the parent's failure to comply with the terms and conditions of a suspended judgment is established by a preponderance of the evidence, such judgment may be revoked and parental rights may be terminated (see Matter of Alyssa C. [Steven C.], 93 AD3d 1111, 1112 [2012]; Matter of Gracie YY., 34 AD3d 1053, 1054 [2006]; Matter of Travis A. [Daisy B.], 4 AD3d 632, 633-634 [2004], lv denied 2 NY3d 706 [2004]).

The suspended judgment here required respondent to, among other things, cooperate with preventive services, including caseworker counseling, parenting services, homemaker services, anger management counseling, family counseling and mental health services. Upon our review of the record, we are satisfied that a sound and substantial basis exists to support Family Court's determination that respondent failed to abide by these terms (see Matter of Cole WW. [Amanda WW.], 106 AD3d at 1409-1410; Matter of Ronnie P. [Danielle Q.], 85 AD3d 1246, 1247 [2011]; Matter of Krystal B. [Thomas B.], 77 AD3d 1110, 1110 [2010]; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d at 684; Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1166-1167 [2010]). Specifically, the proof at the fact-finding hearing demonstrates a pattern of noncompliance by respondent in attending court-ordered services and visits with the child during the period of suspended

judgment.  This noncompliance and poor attendance further resulted in respondent achieving scant progress in the court-ordered programs.  Most significantly, at the time that petitioner commenced these proceedings, several months had passed since respondent last had any contact with the child.

However, "while respondent's 'failure to comply with the terms and conditions of the suspended judgment does not compel the termination of her parental rights, [it] is strong evidence that termination is, in fact, in the best interests of the [child]'" (Matter of Ronnie P. [Danielle Q.], 85 AD3d at 1247, quoting Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d at 685).  The record here demonstrates that the child has been in petitioner's custody since August 2008 and is now thriving in a preadoptive foster home, while respondent has made little progress toward overcoming her issues (see Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d 1205, 1207 [2013]).  Thus, we agree with Family Court that termination of respondent's parental rights is in the best interests of the child.  The remaining arguments have been considered and are unavailing.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court