*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    522217
_____

In the Matter of ALEXSANDER N.,
    a Permanently Neglected
    Child.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                      MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

LENA N.,
                    Appellant.
_____

Calendar Date:   November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

                    _____


        Sandra M. Colatosti, Albany, for appellant.

        Daniel Lynch, County Attorney, Albany (Heather L. Davis of
counsel), for respondent.

        Carol R. Stiglmeier, Albany, attorney for the child.

                    _____


Mulvey, J.

        Appeal from an order of the Family Court of Albany County
(Kushner, J.), entered November 2, 2015, which, among other
things, in a proceeding pursuant to Social Services Law § 384-b,
granted petitioner's application to revoke a suspended judgment,
and terminated respondent's parental rights.

        Respondent is the mother of a son (born in 2010).  In
August 2014, petitioner filed a permanent neglect proceeding

seeking to terminate respondent's parental rights, claiming, among other things, that respondent failed to plan for the future of the child, had on several occasions acted aggressively and lashed out at service providers and failed to consistently participate in mental health treatment. At the ensuing hearing, respondent admitted to such conduct, and Family Court issued an order adjudicating the child to be permanently neglected. Judgment was suspended for eight months upon certain terms and conditions. Petitioner thereafter filed this petition claiming, among other things, that respondent violated the suspended judgment by failing to cooperate with petitioner in that she failed to notify it that she had been arrested, charged with petit larceny and remanded to the local jail. This resulted in her being unable to attend required meetings, service programs, visits with the child and her own mental health appointments. After a hearing on the petition, Family Court revoked the suspended judgment, terminated respondent's parental rights and transferred guardianship and custody of the child to petitioner. Respondent appeals. We affirm.

"The purpose of a suspended judgment is to allow a parent who has permanently neglected his or her child a brief grace period to complete the goals necessary for reunification to occur" (Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067 [2014] [internal quotation marks and citations omitted]). This opportunity is limited in time during which the parent "must comply with terms and conditions meant to ameliorate the difficulty" which led to the suspended judgment (Matter of Michael B., 80 NY2d 299, 311 [1992]; accord Matter of Jason H. [Lisa K.], 118 AD3d at 1067; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 684 [2010]), and "if a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the judgment and terminate that party's parental rights" (Matter of Jason H. [Lisa K.], 118 AD3d at 1067; see Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d at 684).

The suspended judgment required respondent, among other things, to cooperate with petitioner, attend all service plan reviews and meetings regarding the child and provide notice if she was unable to attend such meetings. She was also required to attend all of her mental health and psychiatric appointments and

follow any recommendations, including taking all medications as prescribed, attend all parental visits with the child and attend and comply with other programs designed to help build her parenting skills. Family Court heard testimony from respondent, caseworkers, social workers and mental health professionals that detailed respondent's violations of the terms and conditions of the suspended judgment. Our review of the record confirms that respondent failed to comply with the terms of her suspended judgment in numerous aspects.

In contravention of the terms and conditions of the suspended judgment, respondent failed to cooperate with petitioner, consistently refusing to follow recommendations with respect to how to handle visitations with the child, including feeding him healthy snacks, staying away from places that might cause him distress and creating a suitable and safe home environment. Furthermore, respondent instructed the child to disobey a social worker and run away from the worker. Further, two specific instances demonstrate the unlikelihood of respondent ever being able to be reunited with the child. Shortly after the suspended judgment was entered, respondent was scheduled for a supervised holiday visit with the child. Respondent requested that the visit take place at a buffet-style restaurant. She was advised against that location since it would be too stimulating for the child due to the child's diagnosed behavioral disorders. Nevertheless, respondent persisted with her demand and the supervised visit was scheduled with two social workers. Testimony revealed that, despite being cautioned against giving sugary foods to the child due to his diagnosis, respondent was observed taking the child through the buffet dessert line and taking cake from the dessert table, stuffing it into the child's mouth and replacing the uneaten portion back on the table. This inappropriate behavior occurred with other desserts. Shortly thereafter, the child became disruptive and, when respondent was unable to control him, one of the social workers had to remove the child from the restaurant; when the social worker was unable to calm him down, the visit ended. The other instance involved respondent's arrest and incarceration. Respondent failed to notify petitioner of her arrest and remand to the local jail, which resulted in respondent missing numerous mental health appointments as well as other appointments for both herself and

the child, negatively affecting the child's behavior. Respondent's mental health provider testified that respondent's mental health issues will last indefinitely, and, as such, she "had a pervasive need for ongoing support." Testimony shows respondent's lack of commitment to her continuing need for mental health counseling and treatment that are essential to address the problems that led to the finding of permanent neglect (see Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 128 [2015]; Matter of Marquise JJ. [Brithany JJ.], 103 AD3d 937, 939 [2013], lv denied 21 NY3d 859 [2013]).

Given this evidence, we find that Family Court's determination to revoke the suspended judgment has a sound and substantial basis in the record and that termination of respondent's parental rights is in the child's best interests (see Matter of Dominique VV. [Kelly VV.], ___ AD3d ___, ___, 2016 NY Slip Op 08132, *2 [2016]; Matter of Marquise JJ. [Brithany JJ.], 103 AD3d at 938-939; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d at 684). As such, we decline to disturb Family Court's determination.

Garry, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court