■ In the Matter of ALYSSA C. and Another, Children Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEVEN C., Appellant. [941 NYS2d 755]—

Mercure, Acting P.J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 15, 2011, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the father of the subject children (born in 2007 and 2008), who have been in foster care since 2009. Upon respondent's admissions, the children were adjudged to be permanently neglected in 2010. The judgment was suspended

for 12 months, subject to his compliance with certain conditions. In this proceeding, petitioner alleges that respondent violated those conditions in various respects. Following a hearing, Family Court agreed, revoked the suspended judgment and terminated respondent's parental rights.* Respondent now appeals.

We affirm. The purpose of a suspended judgment is to allow a parent who has permanently neglected his or her child a brief grace period to complete the goals necessary for reunification to occur (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d 683, 683 [2010]). If a preponderance of the evidence establishes that the parent failed to comply with the terms of the suspended judgment, Family Court is empowered to revoke the judgment and terminate his or her parental rights (*see Matter of Ronnie P. [Danielle Q.]*, 85 AD3d 1246, 1246-1247 [2011]; *Matter of Clifton ZZ. [Latrice ZZ.]*, 75 AD3d at 684).

Here, the record establishes that respondent failed to comply with the terms of the suspended judgment in numerous respects. He did not complete mandated treatment for alcohol dependence, continued to drink, and lied about his treatment during a subsequent substance abuse evaluation. Indeed, alcohol was found at respondent's residence, a filthy home that stank of garbage and cat urine and that he shared with an individual who had previously been found to have abused and neglected his own children. Respondent was alerted that his residence was inappropriate and unacceptable, but nevertheless did little to find a more suitable home. Moreover, he missed over half of his scheduled visits with the children and willfully violated his child support obligations. Accordingly, a sound and substantial basis existed for Family Court to determine that respondent had violated the terms of the suspended judgment, and that terminating his parental rights was in the best interests of the children (*see Matter of Ronnie P. [Danielle Q.]*, 85 AD3d at 1247; *Matter of Frederick MM.*, 23 AD3d 951, 952-953 [2005]; *cf. Matter of Krystal B. [Thomas B.]*, 77 AD3d 1110, 1110-1111 [2010]).

The jurisdictional argument of petitioner and the attorney for the children has been considered and found to be lacking in merit.

Rose, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* The mother of the children surrendered her parental rights.