*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    518299
_____

In the Matter of SEQUOYAH Z.
    and Others, Permanently
    Neglected Children.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND
    FAMILIES,
                        Respondent;

MELISSA Z.,
                        Appellant.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of SEQUOYAH Z.
    and Others, Permanently
    Neglected Children.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND
    FAMILIES,
                        Respondent;

JIMMY Z.,
                        Appellant.

(Proceeding No. 2.)
_____


Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

                    _____


        Paul J. Connolly, Delmar, for Melissa Z., appellant.

        Sandra M. Colatosti, Albany, for Jimmy Z., appellant.

James J. Green, Albany County Department for Children, Youth and Families, Albany, for respondent.

Sharon Lee McNulty, Albany, attorney for the children.

_____

Garry, J.

Appeals from two corrected orders of the Family Court of Albany County (Duggan, J.), entered January 15, 2014, which, among other things, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondents' parental rights.

Respondent Melissa Z. (hereinafter the mother) and respondent Jimmy Z. (hereinafter the father) have six children, four of whom (born in January 2006, November 2006, 2008 and 2010) are the subjects of these proceedings.[1]  In April 2009, petitioner commenced neglect proceedings pertaining to the three older children, who were removed from respondents' care and later adjudicated to be neglected.[2]  The youngest child was removed from respondents' care shortly after his birth in March 2010 and adjudicated to be neglected upon respondents' consent.  In February 2011, petitioner commenced proceedings to adjudicate the children to be permanently neglected and to terminate respondents' parental rights.  Upon respondents' admissions, the children were adjudicated to be permanently neglected.  Following a dispositional hearing, Family Court issued a six-month suspended judgment.  Four months later, petitioner commenced these proceedings to revoke the suspended judgment.  The court conducted a dispositional hearing, granted the petitions and

_____

[1]  Respondents' other children (born in 2011 and 2013) are the subjects of separate neglect proceedings.

[2]  Previous neglect proceedings pertaining to the two older children had been commenced in April 2007 and resolved by an adjournment in contemplation of dismissal.

terminated respondents' parental rights.  Respondents appeal.

"The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her children with a brief grace period within which to become a fit parent with whom the children can be safely reunited" (Matter of Cole WW. [Amanda WW.], 106 AD3d 1408, 1409 [2013], lvs denied 21 NY3d 864, 865 [2013] [internal quotation marks, brackets and citations omitted]).  Family Court may revoke a suspended judgment and terminate a parent's rights when it is shown by a preponderance of the evidence that the parent has failed to comply with the judgment's terms and conditions (see Matter of Michael HH. [Michael II.], 124 AD3d 944, 944 [2015]; Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067 [2014]).  Here, petitioner made the requisite showing of lack of compliance.

One of the terms of the suspended judgment required respondents to maintain appropriate housing for the children. When the suspended judgment was imposed, respondents were living in a suitable apartment, but they were subsequently evicted for failure to pay the rent and, thereafter, they resided separately in a series of shelters.  At the time of the dispositional hearing, the father was still in a shelter, the mother was sharing a residence with a registered sex offender and both respondents were unemployed.  Respondents testified that financial difficulties prevented them from finding affordable housing.  A caseworker testified that she had attempted to assist them with budgeting, finding employment and locating suitable housing, but that they had failed to avail themselves of her assistance.  Respondents confirmed that they did not ask for help, and the mother testified that she failed to qualify for a rental assistance program because she did not comply with the program's job search requirements.

Although both respondents participated regularly in visits with the children, the visits could not be conducted in their home, as required by the suspended judgment, as a result of their homelessness.  Moreover, respondents were never able to progress to fully unsupervised visitation, as required.  Instead, they continued to need prompting to remind them to discipline the children, attend to their safety, provide them with needed care

such as diaper changes, and pay attention to all of the children during visits rather than focusing on only one or two of them.

The terms of the suspended judgment required respondents to cooperate with petitioner in developing and implementing a parenting plan, but they did not do so, failing to maintain contact with the caseworker or to respond to her messages and voice mails. After the eviction, they did not keep the caseworker informed of their whereabouts as they moved from shelter to shelter, forcing her to search for them. At one point, respondents relocated to Schenectady County, interrupting the mother's mental health treatment and other services that had been in place in Albany County. Before services could be reestablished in the new location, the mother returned to Albany County, causing further disruptions.[3]

The suspended judgment further required respondents to participate in programs and counseling deemed appropriate by petitioner. They successfully completed some programs, such as parenting courses, but failed to participate in other recommended classes and counseling. The mother's attendance in mental health treatment was so poor that she was at risk of termination. Respondents complied with the requirement to attend the children's service plan reviews and family treatment meetings, but did not attend many of their school events or medical appointments, as also required. Although some of these failures were caused by transportation difficulties, respondents did not take advantage of petitioner's offer to provide transportation upon advance notice. Accordingly, we find that the revocation of the suspended judgment based upon respondents' violation of its terms is supported by a sound and substantial basis in the record (see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076-1077 [2014]; Matter of Marquise JJ. [Brithany JJ.], 103 AD3d 937, 938 [2013], lv denied 21 NY3d 859 [2013]).

---

[3] Family Court found that it was a "fair assumption" that respondents moved to Schenectady County in a "misguided attempt to get out from under [petitioner's] thumb."

The record further supports the termination of respondents' parental rights.  At the time of the revocation hearing, the three older children had been in foster homes for four years, and the youngest subject child had spent his life in foster care. More than a year had elapsed since the imposition of the six-month suspended judgment, but respondents' circumstances had deteriorated instead of improving during this extended grace period.[4]  The children's three foster families were committed to supporting and maintaining the relationships among the siblings, and at least one of the foster parents wished to adopt the children who resided with her.  Accordingly, the record also provides a sound and substantial basis for Family Court's determination that freeing the children for adoption was in their best interests (see Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166-1167 [2013]; Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1107 [2012], lv denied 19 NY3d 805 [2012]).

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.

ORDERED that the corrected orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[4]  Family Court attributed the delay in resolving the proceedings to, among other things, the births of respondents' youngest children and late substitutions of counsel arising from respondents' failure to communicate with their attorneys.