*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                520963
_____

In the Matter of MAYKAYLA FF.
   and Another, Permanently
   Neglected Children.

WASHINGTON COUNTY DEPARTMENT
   OF SOCIAL SERVICES,                    MEMORANDUM AND ORDER
                     Respondent;

EUGENE FF.,
                     Appellant.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                     _____


        Jeffrey E. McMorris, Glens Falls, for appellant.

        Roger A. Wickes, County Attorney, Fort Edward (Daniel S.
Martindale of counsel), for respondent.

        Elizabeth A. Donahue, Glens Falls, attorney for the
children.

                     _____


Rose, J.

        Appeal from an order of the Family Court of Washington
County (Michelini, J.), entered March 10, 2015, which, in a
proceeding pursuant to Social Services Law § 384-b, granted
petitioner's motion to revoke a suspended judgment and terminated
respondent's parental rights.

        Respondent is the father of a daughter and a son (born in
2008 and 2010, respectively).  Since August 2012, he has been

serving an indeterminate prison term for his conviction of burglary in the third degree. Aside from a brief period between June and November 2012, the children have been in petitioner's custody and care continuously since May 2011. In 2013, petitioner commenced this permanent neglect proceeding alleging, among other things, that respondent had failed to plan for the future of the children for a period of over one year. In a November 2013 order entered on respondent's consent, Family Court (Pritzker, J.) adjudicated the children to be permanently neglected and issued a one-year suspended judgment. In November 2014, petitioner moved for an order revoking the suspended judgment and terminating respondent's parental rights. Following a hearing, Family Court (Michelini, J.) granted that relief. Respondent appeals.

We affirm. Respondent's primary argument for reversal is that he could not violate the condition of the suspended judgment requiring him to "maintain a safe and stable home if released during [the] [s]uspended [j]udgment period" because he was incarcerated for that entire time. In other words, respondent argues that his release from prison is an unsatisfied condition precedent to his need to comply with the requirement that he maintain a stable home environment for the children. However, the record indicates that, prior to Family Court's issuance of the suspended judgment, respondent represented that he would be released while the suspended judgment was still effective, making it reasonable for the court to assume that respondent would have an opportunity to comply with all of its terms and conditions. Ultimately, respondent was not released due to, among other things, his admitted failure to complete a substance abuse treatment program. In any event, it is well established that "literal compliance with the terms of the suspended judgment will not suffice to prevent a finding of a violation. A parent must [also] show that progress has been made to overcome the specific problems which led to the removal of the child[ren]" (Matter of Fynn S., 56 AD3d 959, 960 [2008] [internal quotation marks, brackets and citations omitted]; see Matter of Jonathan J., 47 AD3d 992, 993 [2008], lv denied 10 NY3d 706 [2008]; Matter of Thomas JJ., 14 AD3d 953, 955 [2005]); this respondent failed to do.

At the hearing, respondent testified that his initial permanency plan was to have the children's mother care for them while he was incarcerated. That plain failed, however, when the mother, who was herself the subject of a separate neglect proceeding initiated by petitioner, relinquished her parental rights. After petitioner informed respondent of this development, he sent letters to several family members asking them to petition for custody of the children. With the exception of respondent's sister, whose custody petition was denied, respondent received no responses to his requests. While respondent arguably made a good faith effort to develop a permanency plan for his children during his incarceration, "'[g]ood faith alone is not enough[;] the plan must be realistic and feasible'" (Matter of Gregory B., 74 NY2d 77, 87 [1989], quoting Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; accord Matter of Lawrence KK. [Lawrence LL.], 72 AD3d 1233, 1235 [2010], lv denied 14 NY3d 713 [2010]). Similarly unrealistic and infeasible is respondent's current plan to allow petitioner to retain custody of the children until he is released, which, if he serves out his full term of imprisonment, will not be until July 2018 (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430-431 [2012]; Matter of Gregory B., 74 NY2d at 89-90; Matter of Johanna M. [John L.], 103 AD3d 949, 950-951 [2013], lv denied 21 NY3d 855 [2013]). As for the likelihood of an earlier release, we note that respondent has been in prison twice before, received parole both times and violated that parole both times. Thus, we find that Family Court's determination that respondent violated the terms of the suspended judgment was proper, inasmuch as petitioner proved by a preponderance of the evidence that respondent had not corrected his longstanding inability to realistically plan for the children's future (see Matter of Thomas JJ., 14 AD3d at 955; Matter of Jennifer VV., 241 AD2d 622, 623 [1997]).

We also find unavailing respondent's argument that Family Court's termination of his parental rights was not in the children's best interests. "While a parent's failure to comply with the conditions of a suspended judgment does not automatically compel termination of parental rights, that noncompliance constitutes strong evidence that termination is, in fact, in the best interests of the child" (Matter of Jason H.

[Lisa K.], 118 AD3d 1066, 1068 [2014] [internal quotation marks and citations omitted]; see Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1128 [2015]).

In addition to respondent's violation of the suspended judgment, testimony at the hearing indicated that the children adamantly expressed their lack of desire to visit respondent in prison and would, at times, exhibit physically aggressive behavior when informed of an impending visit. When they did visit respondent, the children frequently misbehaved — which the father could not control — and, upon their return, would take multiple weeks to return to their normal behavioral patterns. Furthermore, the children have been in foster care for most of their lives and lived with the same foster family since June 2013. The family has expressed a willingness to adopt the children, and the foster mother testified that both children are developmentally delayed and have behavioral issues, which she has had some success in correcting through therapeutic services and parenting techniques. Respondent, meanwhile, displayed a general lack of knowledge about the children's special needs and did not offer a realistic plan to ensure that those needs would be met if he were to reassume custody. Accordingly, we find that the record provides a sound and substantial basis for Family Court's conclusion that terminating respondent's parental rights was in the children's best interests (see Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, 1521 [2015], lvs denied 25 NY3d 911, 912 [2015]; Matter of Jason H. [Lisa K.], 118 AD3d at 1068; Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166-1167 [2013]).

Peters, P.J., Lahtinen, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court