*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 14, 2016                521539
_____

In the Matter of DONTE LL. and
    Another, Permanently
    Neglected Children.

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                    Respondent;

CRYSTAL LL.,
                    Appellant.
_____

Calendar Date:   May 26, 2016

Before:   Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Thomas P. Coulson, Broome County Department of Social
Services, Binghamton, for respondent.

        Christopher A. Pogson, Binghamton, attorney for the
children.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered August 5, 2015, which, among other
things, in a proceeding pursuant to Social Services Law § 384-b,
granted petitioner's motion to revoke a suspended judgment, and
terminated respondent's parental rights.

        Respondent is the mother of two children (born in 2006 and
2010), who were removed from her custody in January 2011 and have

remained in foster care.  Based upon her admissions of permanent neglect, a suspended judgment terminating her parental rights was entered in December 2014 requiring that she comply with certain conditions for six months.  She allegedly failed to comply with many of the conditions and petitioner moved in May 2015 to revoke the suspended judgment.  Following a hearing, Family Court revoked the suspended judgment and terminated respondent's parental rights, freeing the children for adoption.  Respondent appeals.

"[A] suspended judgment gives a parent who is found to have permanently neglected his or her child[ren] a brief grace period within which to become a fit parent with whom the child[ren] can be safely reunited" (Matter of Cody D. [Brittiany F.], 127 AD3d 1258, 1258 [2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 913 [2015]).  During such grace period, the "parent must comply with the terms of the suspended judgment and, if a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the judgment and terminate that party's parental rights" (Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015] [internal quotation marks and citations omitted]).  "In view of Family Court's direct observation of . . . [the witnesses] who testified, its factual findings will be accorded great deference and will not be disturbed on appeal unless lacking a sound and substantial basis in the record" (Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 805 [2012]).

The suspended judgment directed respondent to, among other things, participate in mental health counseling and substance abuse treatment, refrain from use of alcohol and illegal drugs, and keep petitioner informed of her phone number and address. There was proof at the hearing that respondent did not complete her mental health counseling, she was removed from the substance abuse treatment program for repeatedly missing sessions, she tested positive for alcohol and marihuana use in random screening tests, she failed to submit to other drug tests, and she neglected to provide current contact information to petitioner. Further, she repeatedly missed visitation with the children and had no contact with them for about two months prior to

petitioner's motion to revoke the suspended judgment.  Although respondent offered explanations for some of her failures to comply with the various conditions, the record provides a sound and substantial basis supporting the finding that she violated many provisions of the suspended judgment and that, under the circumstances, freeing the children for adoption is in their best interests.

Rose, Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court