*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                521478
_____

In the Matter of DOMINIQUE VV.
   and Others, Permanently
   Neglected Children.

DELAWARE COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                    Respondent;

KELLY VV. et al.,
                    Appellants.

(And Another Related Proceeding.)
_____


Calendar Date:  October 11, 2016

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                    _____


        Christopher Hammond, Cooperstown, for appellants.

        Amy B. Merklen, Delaware County Department of Social
Services, Delhi, for respondent.

        Larisa Obolensky, Delhi, attorney for the children.

                    _____


Aarons, J.

        Appeal from an order of the Family Court of Delaware County
(Lambert, J.), entered June 24, 2015, which granted petitioner's
application, in two proceedings pursuant to Social Services Law
§ 384-b, to revoke a suspended judgment, and terminated
respondents' parental rights.

Respondents are the parents of three children (born in 2005, 2006 and 2007).[1]  These subject children have been in petitioner's care and custody since April 2010.  Petitioner commenced these proceedings to adjudicate the subject children to be permanently neglected.  In 2014, with respondents' consent, Family Court adjudged the children to be permanently neglected and issued a suspended judgment.  After respondents failed to comply with certain conditions of the suspended judgment, petitioner, in 2015, moved to revoke the suspended judgment and terminate respondents' parental rights.  Following a hearing, Family Court granted petitioner's requested relief.  Respondents appeal.  We affirm.

"The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her child with a brief period within which to become a fit parent with whom the child can be safely reunited" (Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 683 [2010] [internal quotation marks and citations omitted]; see Matter of Michael HH. [Michael II.], 124 AD3d 944, 944 [2015]).  Family Court may revoke a suspended judgment and terminate a parent's rights upon a showing by a preponderance of the evidence that a parent has not complied with the terms of the suspended judgment (see Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, 1519 [2015], lvs denied 25 NY3d 911, 912 [2015]).  Family Court's findings are accorded great deference and will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Donte LL. [Crystal LL.], 141 AD3d 907, 908 [2016]).

We conclude that petitioner established by a preponderance of the evidence that respondents violated certain terms of the suspended judgment.  Contrary to their contention, respondents were given adequate notice of the requirement to partake in financial budgeting classes and, in fact, they participated in such classes (see Matter of Jessica J., 44 AD3d 1132, 1133-1334 [2007]).  Notwithstanding their participation, however, respondents made minimal progress and were often confrontational

---

[1]  Respondent Kelly VV. has another child (born in 2003) from a separate relationship.

at class.  In addition, respondents were late in paying their utility bills, but nonetheless spent money on nonessential items (see Matter of Gracie YY., 34 AD3d 1053, 1055 [2006]).  The record further reveals that respondents, in contravention of the terms of the suspended judgment, failed to provide a safe and sanitary household for the children (see Matter of Alyssa C. [Steven C.], 93 AD3d 1111, 1112 [2012]; Matter of Gracie YY., 34 AD3d at 1055).  In particular, garbage and debris cluttered the house, urine and a dead mouse were observed on the floor, cigarette butts were scattered around the house, dried blood was found on the toilet seat, vomit was in the bathtub, bird feces and mouse excrement were discovered on shoes, furniture, blankets and bedding, items were left unwashed in the sink and the children were hurt stepping on exposed tacks during supervised visits.  Based on the foregoing, we conclude that Family Court's decision to revoke the suspended judgment was supported by a preponderance of the evidence.

We also disagree with respondents' assertion that Family Court erred in terminating their parental rights.  The subject children have been in foster care for a majority of their lives and respondents have failed to maintain a suitable or safe living environment for the subject children notwithstanding their awareness to do so (see Matter of Gracie YY., 34 AD3d at 1055; Matter of Jennifer VV., 241 AD2d 622, 623-624 [1997]).  While noncompliance with the provisions of a suspended judgment does not require termination of parental rights, it constitutes strong evidence that termination serves the best interests of the children (see Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1128 [2015]; Matter of Ronnie P. [Danielle Q.], 85 AD3d 1246, 1247 [2011]).  In sum, because a sound and substantial basis exists in the record supporting Family Court's determination that termination of respondents' parental rights was in the best interests of the subject children, we decline to disturb it (see Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166-1167 [2013]; Matter of Elias QQ. [Stephanie QQ.], 72 AD3d 1165, 1167 [2010]).

Peters, P.J., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court