Matter of Jerhia EE. (Benjamin EE.) (2018 NY Slip Op 00050)





Matter of Jerhia EE. (Benjamin EE.)


2018 NY Slip Op 00050


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524181

[*1]In the Matter of JERHIA EE. and Others, Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN EE., Appellant, et al., Respondent.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for respondent.
Palmer John Pelella, Owego, attorney for the children.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a corrected order of the Family Court of Broome County (Young, J.), entered November 22, 2016, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated the parental rights of respondent Benjamin EE.
Respondent Benjamin EE. (hereinafter the father) is the father of three children (born in 2004, 2005 and 2008). Since October 2009, the children have been in petitioner's care and custody. In May 2013, petitioner commenced this permanent neglect proceeding against the father seeking to terminate his parental rights [FN1]. In December 2013, the father consented to a [*2]finding of permanent neglect and was granted a suspended judgment for a period of eight months. Petitioner thereafter moved to revoke the suspended judgment. Following fact-finding, dispositional and in camera hearings with the children, Family Court, in 2016, revoked the suspended judgment and terminated the father's parental rights. This appeal by the father ensued.
"The purpose of a suspended judgment is to provide a parent who has been found to have permanently neglected his or her [children] with a brief period within which to become a fit parent with whom the [children] can be safely reunited" (Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016] [internal quotation marks and citations omitted], lv denied 29 NY3d 901 [2017]; see Matter of Alexsander N. [Lena N.], 146 AD3d 1047, 1048 [2017], lv denied 29 NY3d 903 [2017]; Matter of Donte LL. [Crystal LL.], 141 AD3d 907, 907 [2016]). The parent must comply with the terms of the suspended judgment during this grace period and, upon a showing by a preponderance of the evidence of the parent's noncompliance, Family Court may revoke the suspended judgment and terminate his or her parental rights (see Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]; Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d 1205, 1207 [2013]; Matter of Clifton ZZ. [Latrice ZZ.], 75 AD3d 683, 684 [2010]). Great deference is accorded to Family Court's factual findings, and they will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012], lv denied 19 NY3d 805 [2012]).
Under the terms of the suspended judgment, the father was required, among other things, to "actively participate and cooperate in substance abuse evaluations," to submit to random drug screens and to follow through with counseling and treatment recommendations. The father was also required to make diligent efforts to secure housing that had at least one bedroom. Family Court found that the father failed to comply with the material terms of the suspended judgment, and we conclude that the record evidence supports this conclusion (see Matter of Cody D. [Brittiany F.], 127 AD3d 1258, 1259 [2015], lv denied 25 NY3d 913 [2015]). According to the hearing testimony of petitioner's caseworker, multiple times the father refused to attend drug screens, and, the one time that he did, he tested positive for cocaine. The father was advised of the importance of attending these drug screens but, in response to this communication, he just laughed. During the period of the suspended judgment, the father missed scheduled visits with the children. He also did not have his own residence, but rented a room in "a boarding house setting." The caseworker further stated that the father was given bus passes to alleviate transportation issues, but he did not use them to visit the children or attend drug screens. In view of the foregoing, we conclude that a sound and substantial basis in the record supports Family Court's determination to revoke the suspended judgment (see Matter of Donte LL. [Crystal LL.], 141 AD3d at 908; Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067-1068 [2014]; Matter of Frederick MM., 23 AD3d 951, 953 [2005]).
We further agree with Family Court that termination of the father's parental rights and freeing the children for adoption served the best interests of the children. The children have been in petitioner's care and custody since 2009. Furthermore, the children have developed a strong bond and relationship with their foster mother and have thrived in her care (see Matter of Cody D. [Brittiany F.], 127 AD3d at 1259). Family Court found, and the record discloses, that the father did not maintain adequate housing for the children nor had a realistic plan to care for them. Based on the foregoing, and taking into account the children's testimony at the in camera hearing and the father's failure to comply with the terms of the suspended judgment, Family Court's determination will not be disturbed (see Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, [*3]1521 [2015], lvs denied 25 NY3d 911, 912 [2015]; Matter of Katie I. [Jonathan I.], 116 AD3d 1309, 1311-1312 [2014]; Matter of Cole WW. [Amanda WW.], 106 AD3d 1408, 1410 [2013], lvs denied 21 NY3d 864, 865 [2013]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the corrected order is affirmed, without costs.



Footnotes

Footnote 1: The children's mother was also a named respondent in the proceeding. She agreed to a judicial surrender of her parental rights.