Matter of Jasnia Y. (Alease Y.) (2018 NY Slip Op 04050)





Matter of Jasnia Y. (Alease Y.)


2018 NY Slip Op 04050


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

524544

[*1]In the Matter of JASNIA Y. and Another, Alleged to be Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALEASE Y., Appellant.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Kuredin V. Eytina, Broome County Department of Social Services, Binghamton, for respondent.
Michelle E. Stone, Vestal, attorney for the children.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Young, J.), entered January 26, 2017, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.
Respondent is the mother of, among others, the subject children (born in 2007 and 2008). The children have been in
petitioner's care and custody since 2009. In 2013, petitioner commenced this permanent neglect proceeding against respondent seeking to terminate her parental rights [FN1]. Respondent made admissions of permanent neglect and consented to an order of fact-finding and disposition with a six-month suspended judgment set to expire in November 2014. In October 2014, petitioner [*2]moved to revoke the suspended judgment. Following a fact-finding hearing and dispositional hearing, Family Court revoked the suspended judgment and terminated respondent's parental rights. Respondent now appeals.
A suspended judgment is intended to provide a parent who has permanently neglected his or her children with a brief period within which to become a fit parent with whom the children can be reunited in safety (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]; Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016], lv denied 29 NY3d 901 [2017]). Family Court is free to "revoke a suspended judgment and terminate a parent's rights upon a showing by a preponderance of the evidence that a parent has not complied with the terms of the suspended judgment" (Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1125; see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1018; Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]). To that end, "[a] parent's attempt to comply with the literal provisions of the suspended judgment is not enough; rather[,] the parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the child[ren]" (Matter of Jennifer VV., 241 AD2d 622, 623 [1997]; accord Matter of Jonathan J., 47 AD3d 992, 993 [2008], lv denied 10 NY3d 706 [2008]; see Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 899 [2016]).
Petitioner provided testimony from its caseworker and a foster care caseworker, both of whom had worked with respondent and detailed how she failed to comply with the terms of the suspended judgment in significant respects. In particular, respondent lied about her continued ties to a romantic partner with whom she had a history of domestic violence, indicating that she had not benefitted from domestic violence counseling as required. Respondent also exhibited troubling behavior during supervised visitation that included making inappropriate comments about the children's foster family, ignoring the children to focus on telephone calls and raging against both caseworkers in the presence of the children. It accordingly appeared that respondent's anger management treatment had been for nought. Moreover, respondent failed in her obligation to cooperate with both caseworkers, refusing to execute requested releases and lying about issues pertinent to her ability to care for the children, such as her pregnancy and her living situation. Respondent disputed this testimony, but Family Court found her account to be "wholly incredible" and we "accord[] great deference" to that assessment (Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1125). A sound and substantial basis therefore exists in the record to support Family Court's revocation of the suspended judgment (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1018-1019; Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076-1077 [2014]; Matter of Frederick MM., 23 AD3d 951, 952-953 [2005]).
Turning to the disposition, "[w]hile a parent's failure to comply with the conditions of a suspended judgment does not automatically compel termination of parental rights, that noncompliance constitutes strong evidence that termination is, in fact, in the best interests of the child" (Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1068 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Maykayla FF. [Eugene FF.], 141 AD3d at 900). The children have been in foster care for several years and have established a strong bond with their preadoptive foster family. Respondent continued to visit with them but also continued to fail to benefit from domestic violence and anger management programs, a point demonstrated most forcefully when she stabbed a man in a domestic dispute in October 2015. In short, it remained unclear whether or when she would be able to properly care for the children. Family Court properly concluded from the foregoing, in addition to the in camera testimony of the children, that the best interests of the children lie in terminating respondent's parental rights and freeing them for adoption (see Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, 1521 [2015], lvs denied 25 NY3d 911, 912 [2015]; Matter of Arianna BB. [Tracy DD.], 110 AD3d [*3]1194, 1197-1198 [2013], lvs denied 22 NY3d 858 [2014]).
As a final matter, the dispositional hearing included proof that petitioner had investigated respondent's sister and rejected her as a placement resource due to her history of domestic violence and anger management issues. Respondent now complains that Family Court gave short shrift to her sister's separate custody petition, but "[t]hat issue is not relevant to respondent's parental rights and, moreover, she lacks standing to raise that issue on behalf of her sister" (Matter of Serenity KK. [Cynthia KK.], 80 AD3d 818, 818 [2011]; see Matter of Angelica VV., 53 AD3d 732, 733 [2008]; Matter of Andrew Z., 41 AD3d 912, 913 [2007]).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father of one child was initially named as a respondent as well, but he surrendered his parental rights. The other child's father is dead.