Matter of Brandon N. (Renee N.) (2018 NY Slip Op 07211)





Matter of Brandon N. (Renee N.)


2018 NY Slip Op 07211


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

525115

[*1]In the Matter of BRANDON N. and Another, Alleged to be Permanently Neglected Children. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; RENEE N., Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Clark, Mulvey and Rumsey, JJ.


Sandra M. Colatosti, Albany, for appellant.
Jeffrey G. Kennedy, Albany County Department of Children, Youth and Families, Albany, for respondent.
Carol R. Stiglmeier, Albany, attorney for the children.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered June 7, 2017, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.
Respondent is the mother of two children (born in 2012 and 2013). The older child, who suffers from cognitive and physical disabilities, has been in foster care since he was two years old, while the younger child, who suffers from severe asthma and eczema, has been in foster care since he was three days old. Separate, but subsequently consolidated, neglect proceedings were commenced against respondent and, following her admission that she had a substance abuse problem that impaired her ability to care for her children, a finding of neglect was made and an order of supervision was entered.
In 2015, petitioner commenced separate permanent neglect proceedings against respondent and the children's father seeking to terminate their parental rights [FN1]. Thereafter, in April 2016, respondent again made certain admissions and consented to an order of fact-finding and disposition that included a six-month suspended judgment set to expire in October 2016. [*2]The suspended judgment was subject to various terms and conditions, including that respondent "maintain a safe, stable and clean home for the children" by, among other things, properly storing or discarding "clutter" and eliminating "all smoke odors, ashes, dust, mold, mildew or any other substance" that might aggravate the younger child's asthma. The suspended judgment further provided that respondent's supervised visits with the children would progress to unsupervised home visits once the family residence, which she shared with the children's father, was "considered a safe and suitable environment for the children."
In August 2016, after several home visits and inspections revealed that there had been no meaningful change in the condition of respondent's home over a roughly four-month period, petitioner moved by order to show cause to revoke the suspended judgment. Thereafter, in November 2016, respondent waived her right to a hearing and admitted that she failed to comply with that portion of the suspended judgment requiring her to remediate the unsanitary and unsafe conditions of the family home. Following dispositional hearings, Family Court granted petitioner's application, revoked the suspended judgment and terminated respondent's parental rights. Respondent now appeals, arguing that revocation of the suspended judgment and termination of her parental rights were not in the children's best interests.
A suspended judgment provides a parent who has permanently neglected his or her children with a brief time period within which to become a fit parent with whom the children can be safely reunited (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Donte LL. [Crystal LL.], 141 AD3d 907, 907 [2016]; Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]). During this limited time period, the parent "must comply with terms and conditions meant to ameliorate the difficulty" that led to the suspended judgment (Matter of Michael B., 80 NY2d at 311; see Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067 [2014]). If a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the suspended judgment and terminate the parent's parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Alexsander N. [Lena N.], 146 AD3d 1047, 1048 [2017], lv denied 29 NY3d 903 [2017]; Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, 1519 [2015], lvs denied 25 NY3d 911, 912 [2015]). While a parent's failure to comply with the terms and conditions of the suspended judgment does not mandate that his or her parental rights be terminated, such noncompliance "constitutes strong evidence that termination is, in fact, in the best interests of the child[ren]" (Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 900 [2016] [internal quotation marks and citations omitted]; see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [2014]; Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166 [2013]).
Respondent readily admitted that she violated the condition of the suspended judgment that required her to "maintain a safe, stable and clean home for the children," and the testimonial, documentary and photographic evidence adduced at the dispositional hearing amply demonstrated such noncompliance. Testimony from petitioner's caseworker, as well as photographs taken of respondent's residence in August 2016 and February 2017, demonstrated that the family home was overridden by a mass accumulation of items and garbage, which were stacked high along the walls and covered most of the floor, thereby blocking pathways, posing a potential fire hazard and impeding efforts to minimize the presence of dust that would aggravate the younger child's asthma. The caseworker testified that she visited the family home several times since the issuance of the suspended judgment in April 2016, including two days before testifying in February 2017, and that, although respondent received assistance and resources to help with cleanup, there was no appreciable change in the overall condition of the family home. The caseworker stated that she had numerous discussions with respondent regarding the older child's visual and mobility impairments and the younger child's asthma and how the condition of the family home impacted the children's ability to safely live there.
Similar testimony was offered by a public health nurse and certified asthma educator, who visited the family home on three occasions in 2016. The public health nurse asserted that she educated respondent about asthma triggers, provided respondent with step-by-step cleaning instructions and written recommendations based upon her assessment of the home and repeatedly stressed to respondent the need to address potential asthma triggers for the younger child and to [*3]clear the floors to provide greater mobility for the older child. The caseworker and public health nurse, as well as a public health technician who conducted an environmental health assessment at the home, all testified to observing mold and mildew and that respondent was repeatedly informed of the health hazards associated with mold, particularly for a child with asthma. In our view, the evidence demonstrated respondent's wholesale failure to appreciate the drastic changes that needed to be made in the home to address the children's medical needs and belies any assertion that extending the duration of the suspended judgment would result in respondent's compliance with the terms and conditions thereof. As the record is replete with evidence that respondent failed to make meaningful progress toward providing her children with the living environment required by their significant medical needs, despite being afforded assistance and an ample opportunity to do so, Family Court's determination to revoke the suspended judgment is supported by a sound and substantial basis in the record (see Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1126 [2016], lv denied 29 NY3d 901 [2017]; Matter of Alyssa C. [Steven C.], 93 AD3d 1111, 1112 [2012]).[FN2]
As to the issue of whether termination of respondent's parental rights was in the best interests of the children, the most significant obstacle to the children's return to respondent's care was the condition of the family home, which remained unsafe and unsanitary for habitation by the children nearly one year after entry of the suspended judgment. The evidence established that respondent was aware of, and received education regarding, the children's medical conditions and specialized needs and that the younger child's asthma could be triggered by various environmental factors present in the family home, including pervasive dust, mold and mildew. Nonetheless, respondent failed to meaningfully remediate the condition of the family home between April 2016 and February 2017, thereby demonstrating a fundamental lack of understanding as to the critical importance of maintaining a safe and sanitary household for the children's health, safety and well-being. Respondent's failure in this regard prevented her from progressing from supervised visits with the children to home visits. Moreover, the older child, who was five years old at the time of the dispositional hearing, had been in foster care for approximately three years, and the younger child, who was then 3½ years old, had been in foster care for his entire life. Finally, the children's respective foster mothers each testified as to the strong bond they shared with the children and their desire to adopt. Under these circumstances, a sound and substantial basis exists in the record to support Family Court's determination that termination of respondent's parental rights was in the best interests of the children (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1019 [2018]; Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1126; Matter of Maykayla FF. [Eugene FF.], 141 AD3d at 901).
McCarthy, J.P., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The proceedings, findings and orders made with respect to the children's father are the subject of a separate, but related, appeal (Matter of Brandon N. [Joseph O.], ___ AD3d ___ [decided herewith]).

Footnote 2: By not raising it in Family Court, respondent failed to preserve her appellate contention that she suffers from a hoarding disorder and that petitioner failed to establish that she was emotionally capable of disposing of the items that littered her home (see generally Matter of Jessica J., 44 AD3d 1132, 1133 [2007]).