Matter of Brandon N. (Joseph O.) (2018 NY Slip Op 07212)





Matter of Brandon N. (Joseph O.)


2018 NY Slip Op 07212


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018


[*1]In the Matter of BRANDON N. and Another, Alleged to be Permanently Neglected Children. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; JOSEPH O., Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Clark, Mulvey and Rumsey, JJ.


Monique B. McBride, Albany, for appellant.
Jeffrey G. Kennedy, Albany County Department of Children, Youth and Families, Albany, for respondent.
Christopher J. Obstarczyk, Latham, attorney for the children.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered June 7, 2017, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment, and terminated respondent's parental rights.
Respondent is the father of two children (born in 2012 and 2013), the oldest of whom suffers from cognitive and physical disabilities and has been in foster care since he was two years old, and the youngest of whom suffers from eczema and severe asthma and has been in foster care since he was three days old. In 2012 and 2013, separate, but subsequently consolidated, neglect proceedings were commenced against the children's mother [FN1] and, following her admissions, a finding of neglect was made and an order of supervision was entered.[FN2]
In 2015, petitioner commenced separate permanent neglect proceedings against respondent and the children's mother seeking to terminate their parental rights. Thereafter, in April 2016, respondent made certain admissions and consented to an order of fact-finding and disposition that included a six-month suspended judgment that was set to expire in October 2016. The suspended judgment was subject to various terms and conditions, including that respondent "maintain a safe, stable and clean home for the children" by, among other things, properly storing or discarding "clutter" and eliminating "all smoke odors, ashes, dust, mold, mildew or any other substance" that might aggravate the younger child's asthma. Under the terms of the suspended judgment, respondent's supervised visits with the children would progress to unsupervised home visits only if the family residence, which he shared with the children's mother, was "considered a safe and suitable environment for the children."
In August 2016, after several home visits and inspections revealed that respondent had not made any meaningful progress toward remediating the unsafe and unsanitary conditions in the family home, petitioner moved by order to show cause to revoke the suspended judgment. Respondent waived his right to a hearing and, in November 2016, admitted that he failed to comply with that portion of the suspended judgment requiring him to address the unsafe and unsanitary condition of the family home. Following dispositional hearings, Family Court granted petitioner's application, revoked the suspended judgment and terminated respondent's parental rights. Respondent now appeals.
Initially, respondent's challenges to the underlying permanent neglect finding and the adequacy of petitioner's efforts to strengthen the parent-child relationship are not properly before this Court, as respondent did not appeal from the April 2016 order adjudicating the children to be permanently neglected (see Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067 [2014]), move to vacate his stipulated admissions of permanent neglect (see Matter of Bayley W. [Patrick K.], 146 AD3d 1097, 1100 [2017], lv denied 29 NY3d 907 [2017]; Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d 1205, 1206 [2013]) or seek to withdraw his consent to the resulting suspended judgment (see Matter of Dah'Marii G. [Cassandra G.], 156 AD3d 1479, 1480 [2017]). In any event, respondent's admission that he permanently neglected the children satisfied petitioner's burden of proof on that issue (see Matter of Jason H. [Lisa K.], 118 AD3d at 1067; Matter of Katie I. [Jonathan I.], 116 AD3d 1309, 1310 [2014]). Moreover, given respondent's permanent neglect admission, petitioner was not required to prove that it made diligent efforts to strengthen the parental relationship (see Matter of Nataylia C.B. [Christopher B.], 150 AD3d 1657, 1658 [2017], lv denied 29 NY3d 919 [2017]; Matter of Jason H. [Lisa K.], 118 AD3d at 1067; Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d at 1207).
Turning to the merits of respondent's appeal, we find no basis upon which to disturb Family Court's determination to revoke the suspended judgment and terminate respondent's parental rights. A suspended judgment provides a parent who has permanently neglected his or her children with a brief time period within which to become a fit parent with whom the children can be safely reunited (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Donte LL. [Crystal LL.], 141 AD3d 907, 907 [2016]; Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]). During this limited time period, the parent "must comply with terms and conditions meant to ameliorate the difficulty" that led to the suspended judgment (Matter of Michael B., 80 NY2d at 311; see Matter of Jason H. [Lisa K.], 118 AD3d at 1067). If a preponderance of the evidence establishes the parent's noncompliance, Family Court may revoke the suspended judgment and terminate the parent's parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Alexsander N. [Lena N.], 146 AD3d 1047, 1048 [2017], lv denied 29 NY3d 903 [2017]; Matter of Sequoyah Z. [Melissa Z.], 127 AD3d 1518, 1519 [2015], lvs denied 25 NY3d 911, 912 [2015]). While a parent's failure to comply with the terms and conditions of the suspended judgment does not mandate that his or her parental rights be terminated, such noncompliance "constitutes strong evidence that termination is, in fact, in the best interests of the child[ren]" (Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 900 [2016] [internal quotation marks and citations omitted]; see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [2014]; Matter of Madelyn D. [Direll D.], 112 AD3d 1165, 1166 [2013]).
Like the children's mother, respondent admitted to violating that portion of the suspended judgment that required him to "maintain a safe, stable and clean home for the children," and the evidence presented at the dispositional hearing — which is more fully set forth in the mother's related appeal (Matter of Brandon N. [Renee N.], ___ AD3d ___ [decided herewith]) — amply demonstrated such noncompliance. Briefly, testimony from petitioner's caseworker, the public health nurse and the public health technician who conducted an environmental health assessment at the home, together with the photographic and documentary evidence, established that respondent's home was overridden by a mass accumulation of items and garbage, which created significant health and safety risks for the children, particularly given their individual medical issues. The evidence indisputably established that, although respondent was aware of and received education regarding the children's medical needs and received assistance with remediation efforts, the unsafe and unsanitary conditions persisted nearly one year after issuance of the suspended judgment. Based upon the circumstances presented here, we find a sound and substantial basis in the record to support Family Court's determination to revoke the suspended judgment (see Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1126 [2016], lv denied 29 NY3d 901 [2017]; Matter of Alyssa C. [Steven C.], 93 AD3d 1111, 1112 [2012]).[FN3]
As to disposition, the record reflects that, despite petitioner's efforts to educate respondent regarding the children's medical needs and the impact that the condition of the home could have upon the children's health, safety and well-being, respondent failed to appreciate the critical importance of maintaining a safe and sanitary household for his children. Petitioner's caseworker testified that respondent made various outlandish statements indicating that the children "would just adapt to the environment" in the home, that "they would just get used to it," that "their [home] environment wouldn't affect the children's medical . . . or physical needs" and that the younger child's asthma could be cured by chicken noodle soup. Respondent's own testimony further demonstrated his fundamental lack of understanding as to the necessity of remedying the poor conditions in the family home. Respondent did not articulate any sort of meaningful or realistic plan to address the problems in the home, so as to facilitate the children's return. Moreover, respondent's failure to appreciate and implement the changes that needed to be made in the household prevented him from progressing to in-home visits with the children. Finally, as noted in the mother's related appeal, the children had been in foster care for more than three years at the time of the dispositional hearing, and their respective foster mothers testified to the strong bond that they shared with the children and their desire to adopt. Under these circumstances, a sound and substantial basis exists in the record to support Family Court's determination that termination of respondent's parental rights was in the best interests of the children (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1019 [2018]; Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1126; Matter of Maykayla FF. [Eugene FF.], 141 AD3d at 901).
McCarthy, J.P., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The proceedings, findings and orders ultimately made with respect to the children's mother are the subject of a separate, but related, appeal (Matter of Brandon N. [Renee N.], ___ AD3d ___ [decided herewith]).

Footnote 2: It does not appear that petitioner ever commenced a neglect proceeding against respondent.

Footnote 3: Although respondent argues on appeal that he has all of the signs of a hoarding disorder and faults petitioner for failing to appropriately diagnose him and provide relevant services, he did not raise this issue in Family Court and, as such, it is not properly before this Court (see generally Matter of Jessica J., 44 AD3d 1132, 1133 [2007]).