Matter of Isabella M. (Kristine N.) (2019 NY Slip Op 00331)





Matter of Isabella M. (Kristine N.)


2019 NY Slip Op 00331


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

525654

[*1]In the Matter of ISABELLA M., Alleged to be a Permanently Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KRISTINE N., Appellant.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Michelle I. Rosien, Philmont, for appellant.
Allison W. Mussen, Clinton County Department of Social Services, Plattsburgh, for respondent.
Matthew E. Douthat, Plattsburgh, attorney for the child.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 24, 2017, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
Respondent is the mother of the subject child (born in 2015). In October 2015, when the child was two months old, she was removed from respondent's care and ordered into petitioner's care, where she was placed with foster parents with whom she continues to live. Petitioner filed a petition alleging that respondent neglected the child due to injecting herself with drugs while she was the sole caretaker for the child, as well as having unaddressed substance abuse and mental health issues. Respondent consented to a default finding of neglect under that petition. Respondent was incarcerated until May 2016 but, shortly after that time and again in January 2017, she consented to the child's continued placement in foster care.[FN1]
In February 2017, petitioner commenced this proceeding to terminate respondent's parental rights on the basis that respondent was mentally ill and had permanently neglected the child. Petitioner withdrew the portion of the petition based on mental illness. In July 2017, respondent waived her right to a fact-finding hearing and made full admissions to the allegations [*2]of permanent neglect. After a dispositional hearing, Family Court granted the petition and terminated respondent's parental rights. Respondent appeals.
Family Court did not abuse its discretion in terminating respondent's parental rights. Respondent argues only that the court should, instead, have granted her a suspended judgment. "Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243, 1248 [2014], lv denied 24 NY3d 907 [2014] [internal quotation marks and citation omitted]; see Family Ct Act § 631; Matter of Madalynn I. [Katelynn J.], 111 AD3d 1205, 1206 [2013]). " The Legislature created the option of a suspended judgment in a termination proceeding so as to allow 'a brief grace period designed to prepare the parent to be reunited with the child' should such a 'second chance be in the child's best interests'" (Matter of Joshua BB., 27 AD3d 867, 869 [2006] [ellipsis and brackets omitted], quoting Matter of Michael B., 80 NY2d 299, 311 [1992]; see Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016], lv denied 29 NY3d 901 [2017]; Matter of Madalynn I. [Katelynn J.], 111 AD3d at 1206). The court's determination on disposition should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1163 [2014], lv denied 24 NY3d 918 [2015]).
Although respondent made progress in her substance abuse treatment, she admitted that she was unable to explain how her drug abuse led to the child's placement and she continued to minimize or rationalize the neglect. She also admitted that she failed to demonstrate the ability to independently parent the child, failed to embrace parenting skills, failed to demonstrate that she understands the physical and emotional needs of children (despite having five children, none of whom were in her care), and does not understand the importance of stability and bonding for positive development of a child. She placed her own needs and wants above the child's needs, and often did not engage with services until repeatedly told to do so. For example, when asked to babyproof her studio apartment so that she could exercise visits with the child in her home, respondent failed to timely do so, contact the resources to help her with those efforts or inform petitioner as to whether she had babyproofed her apartment. A mental health evaluator concluded that respondent was afflicted with a mental health condition rendering her currently unable to care for the child, and her longstanding issues were "not likely going to be quickly and easily resolved."
Family Court specifically found, among other things, that respondent failed to arrange for timely mental health and substance abuse evaluations, had poor compliance with court orders and petitioner's recommendations, and expressed an unwillingness to make the changes necessary in her life to be a resource for the child. Three of respondent's older children had been removed from her care and placed with a relative in 2012 and, in 2017, respondent was still only permitted to have supervised daytime visitation with those children. Moreover, the child was 23 months old and, for 21 of those months, had lived with the foster parents, who desired to adopt her. Accordingly, Family Court's determination to terminate respondent's parental rights, rather than issue a suspended judgment, was in the child's best interests and has a sound and substantial basis in the record (see Matter of Kaylee JJ. [Jennifer KK.], 159 AD3d 1077, 1080 [2018]; Matter of Madalynn I. [Katelynn J.], 111 AD3d at 1206).
Lynch, J.P., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father surrendered his parental rights to the child.