Matter of Destiny NN. (Nikita ZZ.) (2019 NY Slip Op 05604)





Matter of Destiny NN. (Nikita ZZ.)


2019 NY Slip Op 05604


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526593

[*1]In the Matter of DESTINY NN., a Permanently Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NIKITA ZZ., Appellant.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Michelle I. Rosien, Philmont, for appellant.
Delaware County Department of Social Services, Delhi (Amy B. Merklen of counsel), for respondent.
Larisa Obolensky, Delhi, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered March 9, 2018, which, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgement, and terminated respondent's parental rights.
Respondent is the mother of a child (born in 2014), who has been in petitioner's care and custody since she was two weeks old. In May 2016, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights. In December 2016, respondent admitted to having permanently neglected the child by failing to address her drug and alcohol addictions, and a suspended judgment was entered terminating her parental rights. In September 2017, petitioner moved to revoke the suspended judgment and terminate respondent's parental rights. Following a fact-finding hearing, Family Court granted the requested relief. Respondent appeals.
" A suspended judgment is intended to provide a parent who has permanently neglected his or her child with a brief period within which to become a fit parent [so] that the child can be returned to [him or her] in safety. A parent's noncompliance with the terms of the suspended judgment during this grace period, if established by a preponderance of the evidence, may end with revocation of the suspended judgment and termination of his or her parental rights" (Matter of Cecilia P. [Carlenna Q.], 163 AD3d 1095, 1095 [2018] [internal quotation marks and citations omitted]). Family Court's factual findings are accorded great deference and will not be disturbed if they are supported by a sound and substantial basis in the record (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]).
Under the terms of the suspended judgment, respondent was required, among other things, to refrain from the use of alcohol or misuse of any prescription medication, to participate in substance abuse evaluations, to "meaningfully engage and participate" in any recommended treatment plan, including inpatient services, and to submit to random drug tests. Respondent's counselor testified that respondent was discharged from the drug and alcohol clinic because she did not enroll in an inpatient treatment program that was necessary to treat her addictions. Family Court found that respondent failed to attend or canceled 15 counseling sessions in the seven months preceding her discharge from the drug and alcohol clinic for noncompliance with the recommended course of treatment. Further, petitioner's caseworker testified that respondent had tested positive for a prescription medication for which she did not have a prescription. Based on the foregoing, we conclude that Family Court's determination to revoke the suspended judgment is supported by a sound and substantial basis in the record (see id. at 1019).
We further agree with Family Court that termination of respondent's parental rights is in the best interests of the child. "While noncompliance with the provisions of a suspended judgment does not require termination of parental rights, it constitutes strong evidence that termination serves the best interests of the child[]" (Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1126 [2016] [citations omitted], lv denied 29 NY3d 901 [2017]). The child has continuously been in foster care since she was two weeks old and, in addition to failing to meet the provisions of the suspended judgment, respondent has not shown an ability to provide the child with a suitable or safe living environment (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1019; Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1126). The order is therefore affirmed.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.